FILED RECEIVED ENTERED SERVED ON COUNSEL/PARTIES OF RECORD

2011 SEP 29 A 11: 33

CLERK US DISTRICT COURT DISTRICT OF NEVADA

BY DEPUTY

Timothy Harris
Plaintiff Pro se'
4005 Cherokee Rose Ave.
North Las Vegas, NV 89031
702-371-3658
extremeps1@cox.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Timothy Harris Pro Se'<br>Plaintiff<br><br>V.<br><br>Crisis Collections Management, LLC<br>Defendant<br><br>Ford Credit<br>dba Ford Motor Credit Company<br>Co-Defendant<br><br>Does 1 through 10 | Case No: 2:11-cv-01490-RCJ-CWH<br><br>**Civil Rights Violation Complaint**<br>**Trial By Jury Demanded** |

## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Comes now** the Plaintiff Timothy Harris:

Plaintiff and Gary Schnitzer, attorney for Co-Defendant spoke on the phone today and discussed the fact that Plaintiff improperly named the Co-Defendant as Ford Motor Company. The parties agreed that once Plaintiff corrects this issue and re-files an amended complaint with the clerk of the court, that attorney for the Co-Defendant will accept service for the Co-Defendant at his place of business. Plaintiff now submits this amended complaint to the clerk of the court to properly name the Co-Defendant of record as Ford Credit.

This complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* (FCRA) and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA) At all times hereinafter mentioned, The Plaintiff is a resident of Clark County, State of Nevada. From here forward Timothy Harris, will be known as the Plaintiff.

## 1. JURISDICTION AND VENUE

Jurisdiction of this court arises pursuant to *15 U.S.C. §1681(p)* and *15 U.S.C. §1692k(d)* and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

The Defendant, Crisis Collections Management, LLC, is a third party debt collector who conducts business in the state of Nevada and is located at 140 Washington St., Suite 200, P.O. Box 3479, Reno, Nevada 89505-3479, as such is governed under the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*(DCPA). From here forward, Crisis Collections Management, LLC will be known as Defendant.

Plaintiff brings this action to the fact as to how an alleged account was or was not validated and continued collection activities and wrongful actions without providing proof of an alleged account to the Plaintiff in the attempted collection of the alleged account, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*

The Co-Defendant, Ford Credit, dba Ford Motor Credit Company conducts business in the state of Nevada and is headquartered at One American Road, Deaborn, Michigan 48216 and is licensed to do business in the State of Nevada, as such is governed under the law by the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* From here forward Ford Motor Company will be known as Co-Defendant.

The Co-Defendant, is a Credit Lender and ***furnisher of information*** to the credit reporting agencies. As such, the Co-Defendant is governed under the law by The Fair Credit Reporting Act 15 USC *§1681 et seq.* and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis, hereafter known as the CRA's. The State of Nevada abides by and adheres to these laws. Specifically the Fair Credit Reporting Act *15 USC §1681, et seq.*

The Plaintiff brings this action to the fact as to how an alleged account was or was not reported correctly and reported erroneous and inaccurate information in the Plaintiffs Credit reports and failed to provide proof of the alleged account. Also the wrongful actions of the Co-Defendant in the credit reporting of the alleged account, violated the civil rights of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq.* and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*

## 2. PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act *15 U.S.C. §1681, et seq*. Continued collection activity without providing proof of an alleged account, overshadowing collection activity without providing proof of an alleged account, and failure to provide proof of the alleged account.

Plaintiff brings this action for damages based upon Co-Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"). Reporting erroneous and inaccurate information in the Plaintiffs' Credit Report, for failure to mark Plaintiffs' accounts with the CRA's in dispute, and for willful and negligent non-compliance.

Co-Defendant is a ***furnisher of information*** as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## 3. INTRODUCTION

On or about July 15th, 2011 the Defendant contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed (see exhibit **PE-THFMC-001**). The Plaintiff does not know the Defendant nor has the Plaintiff ever done any business with the Defendant. On or about July 28th, 2011, the Plaintiff sent a letter of Validation, according to the FDCPA, to the Defendant via certified US Mail **#7010 2780 0000 5438 4193** (see Exhibit **PE-THFMC-002)** which the Defendant received on August 1st, 2011. To date the Defendant has failed to validate the alleged debt.

The Defendant has performed continued collection activity by sending a 2nd letter on August 4th, 2011 (see Exhibit **PE-THFMC-003**) demanding payment even though the Defendant has not provided any proper, legal proof of any alleged debt or alleged account. This was done while the Plaintiff was still within his 30-day validation period as allowed by the FDCPA.

The Defendant has again continued their collection activity and overshadowed their collection activity by filing suit against the Plaintiff in the North Las Vegas Justice Court and by sending a letter with the summons of that suit (**see Exhibit PE-THFMC-004**) stating to "Call them" to discuss settlement all while the Defendant was still within the 30-day validation period

allowed by the FDCPA. This letter states that their client is willing to offer a discounted lump sum offer in order to settle even though the accounting statement used as evidence, which is ***NOT LEGAL*** validation of debt, shows a zero balance and that the debt had been charged off.

As the Defendant has admitted they are a debt collector, so the Defendant should know that contracts, cancelled checks, accounting statements and so on are not ***proper, legal*** validation of debts. The only legal validation of debt is ***presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account under penalty of perjury*** see Pacific Concrete F.C.U, v, Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ Hawaii, Inc. v. Yonenaka, 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); Fooks v. Norwich Housing Authority, 28 Conn. L. Rptr. 371, (Conn. Super.2000); Town of Brookfieid v. Candlewood Shores Estates, Inc., 513 A.2d 1218, 201 Conn. 1 (1986); and Solaon v. Godbole, 163 III. App. 3d 845, 114 III. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987). This being the case, the Defendant has committed fraud upon the consumer in their attempt to collect on an un-validated debt.

On or about June 1st, 2010 the Plaintiff requested copies of his credit report from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon review the Plaintiff found that the Co-Defendant was reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports. Upon inspection of the said credit reports the Plaintiff observed that Co-Defendant listed on the Plaintiffs Experian, Equifax and Trans Union credit report indicating an account with them.

The Plaintiff contacted the Co-Defendant by U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 8176** and U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 7858** on or about June 17th, 2010 and June 22nd, 2010 (see exhibit **PE-THFMC-005**) with receipt of said letters on June 21st, 2010 and July 16th, 2010 disputing the information in the Plaintiff's credit report.

The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 8169** on July 7th, 2010 (see exhibit **PE-THFMC-006**) and said letter was received on July 12th, 2010.

The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 8145** on July 7th, 2010 (see exhibit **PE-THFMC-007**) and said letter was received on July 16th, 2010.

The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 8152** on July 7th, 2010 (see exhibit **PE-THFMC-008**) and said letter was received on July 10th, 2010.

All three Credit Reporting Bureaus have indicated they are reporting the information correctly as reported by the Co-Defendant. The Co-Defendant, FORD CREDIT has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since June 2010 in all three credit-reporting bureaus. To this date the Co-Defendant has not indicated in any of the Plaintiff's credit reports with the CRA's that there is a dispute and as such "marked" those reports to show that they have been disputed (see Exhibits **PE-THFMC-009,010,011**). The Co-Defendant has not provided legal proof of any alleged account against the Plaintiff as is required by law. Legal proof of any alleged debt requires ***presentment of the account and general ledger statement signed and dated under penalty of perjury by the party responsible for maintaining the account*** (Pacific Concrete F.C.U, v, Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ Hawaii, Inc. v. Yonenaka, 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); Fooks v. Norwich Housing Authority, 28 Conn. L. Rptr. 371, (Conn. Super.2000); Town of Brookfieid v. Candlewood Shores Estates, Inc., 513 A.2d 1218, 201 Conn. 1 (1986); and Solaon v. Godbole, 163 III. App. 3d 845, 114 III. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987).

## 4. DEFENDANT VIOLATIONS OF THE FDCPA

### Count I against the Defendant Under FDCPA

Failure to validate the alleged debt/account:

Failure to provide proof of alleged debt/account Initial contact on or about July 15th, 2011. (see Exhibits **PE-THFMC-001,003,004**)

**§ 809. Validation of debts 15 USC 1692g**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

Plaintiff demands Judgment in the amount of $1,000.00

## Count II against the Defendant Under FDCPA

Continued collection activity and overshadowing:

Second letter, sent on August 4th, 2011 in response to Plaintiff's validation letter, demanding payment without proper, ***legal proof***of any alleged debt. Only a contract and some sort of statements were given as proof.

The Defendant has overshadowed this collection activity by again telling the Plaintiff, **"Should you wish to resolve this matter, please contact me."** asking for Plaintiff to contact the Defendant even though there has been no validation of the alleged debt while the Plaintiff is still within his 30-day validation period. The Defendant has continue their collection activity and also overshadowed that activity by demanding payment and telling the Plaintiff to contact them

even though the 30-day validation period had not expired and even though the Defendant had not offered any legal proof of the alleged account. (see Exhibit **PE-THFMC-003**)

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $2,000.00

**<u>Count III against the Defendant Under FDCPA</u>**

Continued collection activity and overshadowing:

By filing suit in the North Las Vegas Justice Court on August 26th, 2011, while the Plaintiff was still within his 30-day validation period the Defendant has again continued their collection activity without any proper, ***legal proof*** of any alleged debtor alleged account.

The Defendant has further overshadowed their collection activity again by sending a letter with notice of the suit in the local court. In this letter the Defendant again tells the Plaintiff that if he **"wishes to resolve this matter without further litigation to call him."** The Defendant also states in their letter that, **"their client has given them permission to make offers of multiple ways to settle this alleged debt but that the offers may expire or be withdrawn by their clients."** These statements in conjunction with the filing of a lower court case at the same time can only be seen as a way to try and threaten and intimidate the Plaintiff into paying the Defendant, all while the Plaintiff is still within his 30-day validation period. These acts are blatant and willfull violations of the FDCPA. (see Exhibit **PE-THFMC-004**)

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $2,000.00

**WHEREFORE,** The Defendant has violated the FDCPA and the Plaintiffs rights under the law. Plaintiff has disputed and asked for validation of the alleged account with the Defendant in a timely manner as required under DCPA.

**§ 813. Civil liability 15 USC 1692i**

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

      (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

  (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

The Defendant has damaged the Plaintiff both monetarily and emotionally. Plaintiff demands judgment for punitive damages for $50,000.00 along with $5,000.00 for their violations of FDCPA and any other damages the court deems permissible along with reasonable attorney's fees as allowed by this court.

## 5. Co-DEFENDANT VIOLATIONS OF THE FCRA

### Count I against the Co-Defendant under FCRA

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who **willfully** fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in

relation to the work expended in responding to the pleading, motion, or other paper. As a result of Co-Defendant's willful failure to comply with the FCRA, Co-defendant is liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

Plaintiff restates and reiterates herein all previous paragraphs.

Plaintiff demands judgment in the amount of $1,188,000.00. This is based on every day that the Co-Defendant violated the FCRA (three hundred ninety six days) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every day that the Co-Defendant fails to comply with the FCRA and its regulations thus damaging the Plaintiff's credit ratings and ability to obtain credit or to obtain credit at reasonable rates.

## Count II against the Co-Defendant under FCRA

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Plaintiff demands judgment in the amount of $1,188,000.00. This is based on every day that the Co-Defendant violated the FCRA (three hundred ninety six days) by negligently failing to comply with the requirements imposed under the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every day that the Co-Defendant fails to comply with the FCRA and its regulations thus damaging the Plaintiff's credit

ratings and ability to obtain credit or to obtain credit at reasonable rates.

**Count III against the Co-Defendant under FCRA:**

The plaintiff has disputed with the Co-Defendant and all three credit-reporting agencies in the same time frame and the Co-Defendant has not complied with the FCRA. The Co-Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's character by saying that the Plaintiff doesn't pay his bills.

**Reporting erroneous and inaccurate information**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies:**

(a)Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

**(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and**

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) **Duty to provide notice of dispute**. If the completeness or accuracy of any information

furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer-reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer-reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681 i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

Plaintiff demands judgment in the amount of $1,188,000.00. This is based on every day that the Co-Defendant violated the FCRA (three hundred ninety six days) by reporting erroneous and inaccurate information, times $1000.00, times three for each of the three national credit reporting bureaus. This is allowed for every day that the Co-Defendant fails to update the report by marking the alleged account in dispute thus damaging the Plaintiff's credit ratings and ability to obtain credit or to obtain credit at reasonable rates.

**Count IV against the Co-Defendant under FCRA**

The Co-Defendant, has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports as the Co-Defendant has not provided proof of any alleged account from July 21st, 2010 and through today in all three credit reporting bureaus.

Co-Defendant has failed to indicate that the alleged account is in dispute.

**Failure to mark the account in dispute**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified bv the consumer, at the address specified bv the person for such notices, that specific information is inaccurate: and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

The Plaintiffs credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed by the consumer, even though the Plaintiff has sent a letter of dispute to the Co-Defendant and to date the Co-Defendant has not responded.

Plaintiff demands judgment in the amount of $1,188,000.00. Based on every day (three hundred and ninety six days) the Co-Defendant has failed to mark the account in dispute times $1000.00 per violation, times three for all three national credit bureaus. The Co-Defendant has broken the FCRA by updating the reports each month without marking the alleged account in dispute thus damaging the Plaintiff's credit ratings and ability to obtain credit or to obtain credit at reasonable rates.

**Count V against the Co-Defendant under FCRA**

**§ 615. Requirements on users of consumer reports *15 U.S.C. § 1681m(G)***

(2) upon request of the consumer to whom the debt purportedly relates, ***provide to the consumer all information*** to which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.

Plaintiff demands judgment in the amount of *$4,752,000.00* for violations of the FCRA against the Plaintiff. This is based on every day that the Co-Defendant violated the FCRA in Plaintiffs credit reports (three hundred ninety six days) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every day that the Co-Defendant fails to comply with the FCRA and its regulations thus damaging the Plaintiff's credit ratings and ability to obtain credit or to obtain credit at reasonable rates and Plaintiff's reputation by saying that he doesn't pay his bills.

## Summation

Plaintiff has disputed the alleged accounts with the Co-Defendant and the Credit Reporting Agencies in a timely manner. Therefore the Co-Defendant is now reporting erroneous and inaccurate information on the Plaintiff's credit reports and the Co-Defendant has failed to provide proof of the account as requested by the Plaintiff. Defendant has failed to mark the Plaintiff's accounts with the CRA's in dispute and thus has violated the FCRA and damaged the Plaintiff.

The Plaintiff now has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and

negligent actions of erroneous and inaccurate reporting and/or inaction's of the Co-Defendant. Co-Defendant has not only violated the Plaintiff's civil rights but damaged the Plaintiff both monetarily and emotionally.

**WHEREFORE,** the Co-Defendant has violated the Fair Credit Reporting Act. Plaintiff demands Judgment in the amount of $4,752,000.00, plus all costs of this action along with punitive damages in the amount of $100,000.00, for their violations of FCRA and any other damages and attorney's fees the court deems permissible.

Respectfully submitted this 29th Day of September, 2011.

Timothy Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV. 89031
702-371-3658
Extremeps1@cox.net

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing complaint/summons Harris vs. Crisis Collections Management, LLC, Defendant at 140 Washington St., Suite 200, Reno, Nevada 89505 has been served upon the Defendant via process server on or about the 29th day of September. Co-Defendant, FORD CREDIT, has been served at attorney of record's place of business at 8985 South Eastern Avenue, Suite 200, Las Vegas, Nevada 89123 via process server on or about the 29th day of September, 2011 with affidavit of service by Process Service Receipt to be submitted to the Clerk of the Court. This will also serve as notice to all PACER / ECF participants.

Timothy Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV 89031
702-371-3658
Extremeps1@cox.net