GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
JORDAN P. SCHNITZER, ESQ.
Nevada Bar No. 10744
KRAVITZ, SCHNITZER,
SLOANE & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
Telephone:  (702) 362-6666
Facsimile:  (702) 362-2203
gschnitzer@kssattorneys.com
jschnitzer@kssattorneys.com

*Attorneys for Defendant*
*FORD CREDIT dba FORD MOTOR CREDIT COMPANY*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Timothy Harris Pro Se,<br><br>Plaintiff,<br><br>vs.<br><br>Crisis Collections Management, LLC; Ford Credit dba Ford Motor Credit Company; DOES 1 through 10<br><br>Defendants. | Case No.:  2:11-cv-01490-RCJ-CWH |

**DEFENDANT, FORD CREDIT dba FORD MOTOR CREDIT COMPANY'S MOTION TO DISMISS WITH PREJUDICE OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant, FORD CREDIT dba FORD MOTOR CREDIT COMPANY ("Ford Credit"), by and through its counsel of record, the law firm of KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD., hereby files its Motion to Dismiss with Prejudice or, in the Alternative, Motion for Summary Judgment.

///

///

///

KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD.
LAW OFFICES

1    This Motion is made and based upon FRCP 12(b)(6), FRCP 12(d), FRCP 56(c), the following

2    Points and Authorities, the papers and pleadings on file herein, and oral argument permitted at the time

3    of hearing.

4    DATED this _19th_ day of October, 2011.

5    KRAVITZ, SCHNITZER, SLOANE,
     & JOHNSON, CHTD.

6

7    By: _____

8    GARY E. SCHNITZER, ESQ.
     Nevada Bar No. 395

9    JORDAN P. SCHNITZER, ESQ.
     Nevada Bar No. 10744

10   8985 S. Eastern Ave., Suite 200
     Las Vegas, Nevada 89123

11   *Attorneys for Defendant,*
     *FORD CREDIT, dba FORD MOTOR*

12   *CREDIT COMPANY*

13   **POINTS AND AUTHORITIES**

14   **I.**

15   **INTRODUCTION**

16   Plaintiff's Complaint alleges that Plaintiff is entitled to damages because Ford Credit failed to

17   "mark" Plaintiff's consumer credit reports to show that Plaintiff disputed the information regarding his

18   Ford Credit auto loan, as well as improperly reported the payments as unpaid.  Ford Credit is entitled

19   to a dismissal with prejudice or, in the alternative, summary judgment as a matter of law, because there

20   is no private right of action against furnishers of information such as Ford Credit for failing to report

21   information accurately.

22   Even if this Court finds that Plaintiff has adequately set forth claims for relief, Ford Credit is

23   entitled to summary judgment.  Plaintiff failed to allege that Ford Credit conducted an unreasonable

24   investigation; Plaintiff failed to allege that Ford Credit has reported anything inaccurately and; Plaintiff

25   failed to sufficiently allege he has suffered any damages.  Therefore, Ford Credit is entitled to a

26   dismissal with prejudice of all claims or, alternatively, summary judgment in its favor.

27   ///

28   ///

LAW OFFICES
KRAVITZ, SCHNITZER, SLOANE &
JOHNSON, CHTD.

## II.

## STATEMENT OF FACTS

Plaintiff purchased a vehicle ("Vehicle") from non-party Team Ford, LLC on August 29, 2006. The purchase was financed through Ford Credit, with the Vehicle used as security. *See* PE-THFMC-003, page 2, attached to Amended Complaint.  In 2010, Plaintiff stopped making payments on the vehicle and fraudulently obtained title to the vehicle from the Nevada DMV, in contradiction to Ford Credit's security interest in the vehicle.  See Ledger attached as PE-THFMC-004 to Amended Complaint.

As of August 18, 2011, the unpaid balance totaled $7,670.20. *See* PE-THFMC-004 attached to Amended Complaint. Plaintiff never disputes the remaining debt. Plaintiff only incorrectly states that the account ledger and signed agreement attached to his Amended Complaint is not sufficient proof of a debt. These documents were provided to Plaintiff following his letter to Ford Credit "disputing" the debt.  Plaintiff alleges that Ford Credit failed to mark the account in dispute and reported that he "doesn't pay his bills."  However, there is <u>no</u> allegation that Ford Credit has <u>inaccurately</u> reported the balance as unpaid to any credit reporting agencies or failed to fulfill any reporting obligations.

## III.

## LEGAL STANDARD

In considering a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations as true and must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, in order to state a claim upon which relief may be granted, "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is necessary. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  Instead, the plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *Id.* Thus, the court need not accept as true conclusory statements or legal conclusions, nor need the court accept unreasonable inferences. *See Pareto v. Federal Deposit Ins. Corp.,* 696, 699 (9th Cir. 1998); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  In making its determination, the court may consider materials outside the pleadings without converting the motion to dismiss to a motion for summary judgment if

LAW OFFICES
KRAVITZ, SCHNITZER, SLOANE &
JOHNSON, CHTD.

1  those materials are attached to the complaint, *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d

2  1542, 1555 n.19 (9th Cir. 1990), or are referenced by the complaint, *Knievel v. ESPN,* 393 F.3d 1068,

3  1076 (9th Cir. 2005).

4        Plaintiffs who appear *pro se* "must follow the same rules of procedure that govern other

5  litigants." *Wildeman v. Wolf,* No. 2:09-cv-00596-GMN-LRL, 2010 U.S. Dist. LEXIS 70110, at *7 (D.

6  Nev. 2010) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).   Specifically, even *pro se*

7  complaints "must contain either direct or inferential allegations concerning 'all the material elements

8  necessary to sustain recovery under *some* viable legal theory.'" *Bishop v. Potter*, No. 2:08-cv-00726-

9  RLH-GWF, 2010 U.S. Dist. LEXIS 105845 at *21 (D. Nev. October 1, 2010) (quoting *Twombly*, 550

10  U.S. at 562).

11        If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not

12  excluded by the court, the motion must be treated as one for summary judgment. FRCP12(d).  Summary

13  judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on

14  file, together with any affidavits, show that there is no genuine issue as to any material fact, and the

15  moving party is entitled to judgment as a matter of law.  FRCP 56(c) (2006); *Celotex Corp. v. Catrett*,

16  477 U.S.  317, 323 (1986).  A fact is "material" when, under the governing substantive law, it could

17  affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986); *Freeman*

18  *v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute about a material fact is "genuine" if "the

19  evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 106

20  S.Ct. at 2510.

21      **A.**    <u>**Plaintiff Fails to State any Viable claims against Ford Credit.**</u>

22        The purpose of the FCRA, 15 U.S.C. §§ 1681, 1681a-1681t (2006), is to protect consumers from

23  having inaccurate credit information reported to consumer reporting agencies.  15 U.S.C. § 1681(a).

24  To carry out this purpose, the FCRA imposes duties for consumer reporting agencies, users of consumer

25  reports, and furnishers of information to credit reporting agencies.  15 U.S.C. § 1681; *Nelson v. Chase*

26  *Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

27        Here, Plaintiff alleges liability based upon: (1) Ford Credit reporting the balance as unpaid; (2)

28  failing to mark the account as disputed; and (3) failure to provide Plaintiff with information.  Plaintiff,

however, never alleges that the account is unpaid. He only alleges Ford Credit has not provided sufficient proof of the debt. Regardless, the statute does not authorize a private right of action against a furnisher of credit information based upon these allegations. *Nelson*, 282 F.3d at 1059-60; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

### 1.   <u>Counts I and II against Ford Credit Do Not State A Claim For Relief</u>.

Plaintiff's first and second claims for relief against Ford Credit are simply bare recitals of sections of 15 U.S.C. §1681(n) and (o), authorizing damages under the FCRA. There are no factual allegations against Ford Credit showing that he is entitled to relief under those sections. *See* Amended Complaint at page 8 and 9. In fact, Counts I and II against Ford Credit do not even state which sections of 15 U.S.C. §1681 Ford Credit allegedly failed to comply. The failure to state the sections Ford Credit failed to comply is critical as 15 U.S.C. §1681 (c) provides that §1681(n) and (o) "do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681s(c)(1)(B) of this title. The referenced section permits certain suits by States for damages." *Nelson*, 282 F.3d at 1059 (citations omitted). Therefore, Counts I and II against Ford Credit should be dismissed pursuant to FRCP 12(b)(6).

### 2.   <u>Count III Against Ford Credit</u>.

In Count III, Plaintiff alleges Ford Credit violated § 1681s-2(a) of the FCRA (referred to by Plaintiff as section 623) by reporting erroneous information to consumer credit reporting agencies. Plaintiff's claim under § 1681s-2(a) fails because there is no private right of action for violations under this section. Plaintiff does not allege Ford Credit violated § 1681s-2(b) of the FCRA by failing to conduct an investigation with respect to the disputed information. Therefore, Plaintiff has failed to sufficient plead his claims as they relate to § 1681s-2(b). Even if he did allege that Ford Credit conducted an investigation, Plaintiff has not alleged what information is inaccurate nor has he alleged he suffered  damages as a result of the allegedly inaccurate report. Accordingly, the Court should dismiss Plaintiff's claims under Count III.

### a.   <u>Plaintiff's FCRA claim under § 1681s-2(a) fails because there is no private right of action for violations under this provision.</u>

Plaintiff may not maintain a claim for violation of § 1681s-2(a) because "Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies." *Nelson*, 282 F.3d at 1059-

LAW OFFICES
KRAVITZ, SCHNITZER, SLOANE &
JOHNSON, CHTD.

60; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers under [§1881s-2(a)] are enforceable only by federal and state agencies."] Support for this conclusion is found in § 1681s-2(c), which expressly provides that the FCRA's private enforcement provisions, § 1861n and § 1681o, "do not apply to any violation of [§ 1681s-2a]." Further, § 1681s-2(d) explicitly provides that § 1681s-2(a) "shall be enforced exclusively as provided under subsection 1681s of this title by Federal agencies and officials and the State officials identified in section 1681s."

Accordingly, Plaintiff's FCRA claims under § 1681s-2(a) fail because there is no private right of action for violations under this provision. Specifically, Plaintiff cannot pursue a private action against Ford Credit for Ford Credit's alleged reporting of erroneous information to credit agencies as set forth in Count III.

   **b.    Plaintiff's FCRA claim under §1681s-2(b) fails because Plaintiff does not allege Ford Credit received notice of a dispute from a credit reporting agency as required by statute.**

Although there is no private right of action for a violation of § 1681s-2(a), the Ninth Circuit has recognized that there is a private right of action for violation of § 1681s-2(b) of the FCRA. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002).

To state a claim under § 1681s-2(b), Plaintiff must allege that, upon receiving proper notice of a dispute, the furnisher failed to conduct a proper investigation as required by § 1681s-2(b).[1] Specifically, the furnisher's duty to investigate under § 1682s-2(b) is not triggered until the furnisher receives notice directly from the consumer reporting agency ("CRA") and fails to comply with its duties. *Gorman*, 584 F.3d at 1154; *Johnson v. Ford Credit Home Mortg.*, 558 F. Supp. 2d 114, 1120 (D. Nev. 2008) (citing *Nelson*). "[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under [§1682s-2(b)]." *Gorman*, 584 F.3d at 1154 (citing *Nelson*).

Given this notice requirement, Plaintiff's FCRA claim under § 1682s-2(b) fails. Plaintiff merely

---

[1]   After receiving notice from a consumer credit reporting agency regarding a dispute debt, a furnisher of information must take five steps: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; (4) if the investigation finds the information inaccurate, "report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis"; and (5) if the disputed information cannot be verified after the investigation in step (1), the furnisher shall modify, delete, or permanently block the reporting of that item of information "for purposes of reporting to a consumer reporting agency only." 15 U.S.C. § 1681s-2(b)(1).

KRAVITZ, SCHNITZER, SLOANE &
JOHNSON, CHTD.
LAW OFFICES

1   alleges he notified Ford Credit regarding the disputed items in his credit report.  Plaintiff does not allege

2   any facts regarding whether Ford Credit received notice of the dispute directly from the consumer

3   reporting agencies as required by statute.  Accordingly, the Court should dismiss Plaintiff's claims under

4   § 1682s-2(b) because Plaintiff has not pleaded sufficient facts to support such a claim.

5

6           i.    **Ford Credit is entitled to judgment as a matter of law with respect to any claim pursuant to Section 1681s-2(b).**

7          Even if Plaintiff alleged Ford Credit received notice of a dispute from a CRA, Plaintiff must

8   allege that Ford Credit failed to investigate when Plaintiff disputed his account.

9          Under the FCRA, consumers generally notify CRAs of disputes regarding the accuracy of reports

10   provided by the CRAs.  *See* 15 U.S.C. § 1681(a)(1).  Although a consumer may dispute credit

11   information directly to a furnisher, as Plaintiff has done, the consumer has no private right of action if

12   the furnisher does not reasonably investigate the consumer's claim after direct notification, rather than

13   a dispute through a CRA.  *Chiang v. Verizon New England, Inc.*, 595 F.3d 26 (1st Cir. 2010).  Here,

14   Plaintiff has not provided this Court with any evidence that Ford Credit received notice of the dispute

15   from a CRA.

16          Once a furnisher has received notice of a dispute from a CRA with respect to the completeness

17   or accuracy of any information provided by it by a CRA, it must: (a) conduct an investigation of the

18   disputed information and review all relevant information provided by the CRA; (b) review all relevant

19   information provided by the consumer reporting agency; (c) report the results of the investigation to the

20   CRA; (d) if the information is incomplete or inaccurate, report these results to all other CRAs and

21   promptly modify, delete, or permanently block the information.  15 U.S.C. § 1681s-2(b).

22          The reasonableness of the investigation is to be determined by an objective standard.  *See*

23   *Gorman*, 584 F.3d at 1156-57; *Chiang*, 595 F.3d at 37.  The burden of showing the investigation was

24   reasonable is on the plaintiff.  *Chiang*, 595 F.3d at 37.  **Moreover, if a plaintiff fails to show any**

25   **actual inaccuracy in the report, the claim fails as a matter of law.**  *Id.*  Thus, if a plaintiff fails to

26   demonstrate a genuine issue of material fact as to whether an investigation was reasonable, OR fails to

27   show any actual inaccuracies in the reporting, his claim under 15 U.S.C. § 1681s-2(b) fails as a matter

28   of law.  *Id.*

LAW OFFICES
KRAVITZ, SCHNITZER, SLOANE &
JOHNSON, CHTD.

KRAVITZ, SCHNITZER, SLOANE &
JOHNSON, CHTD.
LAW OFFICES

ii.   **Ford Credit's investigation was reasonable.**

Whether a defendant's investigation is reasonable is a factual question normally reserved for trial; however, summary judgment is proper if the reasonableness of the defendant's procedures is beyond question. *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005). Here, although Ford Credit never received notice of a dispute from a CRA, Ford Credit nonetheless conducted an investigation. *See* correspondence dated June 28, 2010 from Ford Credit attached to Amended Complaint as PE-THFMC-004.

Plaintiff has presented no evidence at all that Ford Credit's investigation was unreasonable, but has only alleged that Ford Credit failed to provide sufficient proof. There is no dispute of the underlying material fact that Ford Credit did in fact investigate, and that its investigation was reasonable.

The reasonableness of an investigation typically depends on the information the furnisher received from the CRA, and whether, based upon that information, reasonable steps were taken to investigate. *See*, i.e., *Westra*, 409 F.3d at 827; *Chiang*, 595 F.3d at 40. The Ninth Circuit and other circuit courts have found that when scant information is provided with respect to the dispute, and the furnisher of information investigates based on the information provided, the investigation is reasonable. *See*, i.e., *Gorman*, 584 F.3d 1147 (9th Cir. 2008), *Chiang*, 595 F.3d 26 (1st Cir. 2010), and *Westra*, 409 F.3d 825 (7th Circ. 2005).

Here, Plaintiff simply sent a letter to Ford Credit disputing the account, without providing any specific information regarding what he claimed was inaccurate. Ford Credit still investigated Plaintiff's vague dispute by verifying his account status, his payment history, and the current amount due. *See* correspondence dated June 28, 2010 from Ford Credit attached to Amended Complaint as PE-THFMC-004. Therefore, there is no dispute that Ford Credit satisfied any alleged duty to investigate.

iii.   **Plaintiff has not identified any inaccuracy that Ford Credit's investigation would have uncovered.**

In order to survive summary judgment, Plaintiff must <u>also</u> show that a reasonable investigation would have uncovered some inaccuracy in the information Ford Credit provided to the CRAs with respect to Plaintiff's account. *See Chiant*, 595 F.3d at 37; *see also Donovan v. Bank of America*, 574 F. Supp. 2d 192, 206 (D. Me.2008). In order to carry his burden, Plaintiff must show that there is some

1   causal link between Ford Credit's alleged failure to reasonably investigate, and the inaccurate

2   information that a reasonable investigation would have revealed. *Chiang*, 595 F.3d at 37-38. "It is

3   difficult to see how a plaintiff could prevail on a claim for damages based on an unreasonable

4   investigation of disputed data without a showing that the disputed information was, in fact, inaccurate.

5   *Id.* (internal alterations and citations omitted).

6       Plaintiff has made no such showing. His argument is that Ford Credit has not legally validated

7   the debt because "[t]he only legal validation of a debt is presentment of the account and general ledger

8   statement signed and dated by the party responsible for maintaining the account under penalty of

9   perjury." *See* Amended Complaint at 4:93:95. However, none of the case law cited by Plaintiff actually

10   make such a finding. The cases cited by Plaintiff all refer to requirements of affidavits for summary

11   judgment motions. Not a single one of these cases involve FCRA or FDCPA claims. *See Pacific*

12   *Concrete F.C.U. v. Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980); *GE Capital Hawaii, Inc. v. Yonenaka,*

13   25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); *Fooks v. Norwich Housing Authority,* 28 Conn. L. Rptr.

14   371, (Conn. Super 2000); *Town of Brookfield v. Candlewood Shores Estates, Inc.,* 513 A.2d 1218, 201

15   Conn. 1 (1986); and *Solon v. Godbole,* 163 Ill.App.3d 845, 114 Ill. Dec. 890, 515 N.E.2d 1045 (3rd Dist.

16   1987).

17       Without any showing that there was in fact any inaccurate information being reported, Plaintiff's

18   claim fails as a matter of law.

19       **3.    Count IV.**

20       In Count IV, Plaintiff alleges Ford Credit failed to provide notice to consumer reporting agencies

21   that the allegedly erroneous information in his credit reports was in dispute in violation of § 1681s-2(a)

22   of the FCRA. As described above there is no private right of action for violations under § 1681s-2(a)

23   of the FCRA. As a result this Court should dismiss Count IV.

24       **4.    Plaintiff has no damages.**

25       Plaintiff must show that he is entitled to damages under the FCRA. The FCRA provides for

26   three types of damages, depending on whether the violation was willful or negligent – actual, statutory,

27   and punitive. If Plaintiff could prove a willful violation, he would be entitled to either actual damages

28   or statutory damages, and he may be entitled to punitive damages at the court's discretion. 15 U.S.C.

KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD.
LAW OFFICES

§ 1681n.  If Plaintiff could provide negligent violation, he is only entitled to actual damages.  15 U.S.C. § 1681o.  However, Plaintiff must show actual damages in order to recover under either statute. *Johnson v. Ford Credit Home Mortgage,* 558 F. Supp. 1114, 1121-1122 (D. Nev. 2008).

Plaintiff has not provided one single fact that would show that he suffered any actual damages due to any alleged failure on the part of Ford Credit to investigate.  Plaintiff has alleged, without any factual or evidentiary support, that Ford Credit has harmed Plaintiff's credit score.  However, Plaintiff has not alleged any actual damages as a result, such as a specific inability to obtain credit, or increased cost of credit.  Regardless, his failure to show that a reasonable investigation would have changed the outcome of Ford Credit's investigation breaks any causal link between Ford Credit's investigation and any damages Plaintiff could claim he suffered.  *See Donovan*, 574 F. Supp. 2d at 206.

Because Plaintiff has not provided any facts showing he has suffered any actual damages, his claims fail as a matter of law and Ford Credit is entitled to judgment in its favor on Claims I-IV.

**5.**     **Count V.**

Plaintiff's fifth count against alleges Ford Credit violated 15 U.S.C. §1681(m)(G).  This section, however, only applies when a person has been the victim of identity theft.  Plaintiff has made no such allegation here.  Therefore, Plaintiff's fifth claim for relief against Ford Credit fails as a matter of law.

///
///
///
///
///
///
///
///
///
///
///
///

KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD.
LAW OFFICES

1

## IV.

## CONCLUSION

Based on the foregoing, it is clear Plaintiff has not, and cannot, sufficiently state claims upon which relief can be granted. Alternatively, it is clear from the documents attached to Plaintiff's amended complaint that Ford Credit is entitled to Summary Judgment as a matter of law.  Therefore, Ford Credit respectfully requests this Court grant its Motion.

DATED this _____ day of October, 2011.

KRAVITZ, SCHNITZER, SLOANE, & JOHNSON, CHTD.

By: _____
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
JORDAN P. SCHNITZER, ESQ.
Nevada Bar No. 10744
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
*Attorneys for Defendant,*
*FORD CREDIT, dba FORD MOTOR*
*CREDIT COMPANY*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the ___ day of October, 2011, I served a copy of the foregoing **DEFENDANT, FORD CREDIT dba FORD MOTOR CREDIT COMPANY'S MOTION TO DISMISS WITH PREJUDICE OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** by the CM/ECF electronic filing system of the United States District Court for the District of Nevada, which is automatically sent to the following individuals:

Timothy Harris
Plaintiff Pro Se
4005 Cherokee Rose Ave.
North Las Vegas, Nevada 89031
(702) 371-3658 (Telephone)
extremeps1@cox.net

Kent Robison, Esq.
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503
(775) 329-3151 (Telephone)
(775) 329-7169 (Facsimile)
Attorneys for Defendant,
CRISIS COLLECTIONS MANAGEMENT, LLC

_____
An employee of
KRAVITZ, SCHNITZER, SLOANE
& JOHNSON, CHTD.

O:\ges\DATA\FORD\Harris\MTD, or MSJ.wpd