Timothy Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV 89031
702-371-3658
Extremeps1@cox.net
Plaintiff, Pro se'

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

Timothy Harris, Pro se'

    Plaintiff(s),

    -vs-

Crisis Collections Management, LLC

Ford Credit dba Ford Motor Credit Company;

and

Does 1-10,

    Defendant(s).

CASE NO. 2:11-cv-01490-RCJ-CWH

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND A MORE DEFINITE STATEMENT

  Comes now the Plaintiff, Timothy Harris with this Opposition to Motion to Dismiss and a revised and more definite statement of Plaintiff's complaint. This opposition is based on the papers on file, this pleading, plus any oral argument the court will allow.

  The Plaintiff has received the Defendant, "Crisis Collections Management, LLC's" response to the complaint in the form of a Motion to Dismiss pursuant to Rule 12(b)(6) or a Motion for a More Definite Statement and states as follows:

  May it please the Court, the Plaintiff has revised his complaint to comply with the numbering as the Defendant has requested and has attached said revision to this pleading and labeled as such. The Plaintiff will remind all parties that the Plaintiff is appearing pro se' and as

1

such is allowed a little leeway in his pleadings. Erickson, 127 S.Ct. at 2200. In Erickson, the Supreme Court stressed the pro se status of the plaintiff in Erickson — a far cry from the highly sophisticated antitrust counsel in Bell Atlantic: The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is " to be liberally construed,"

Estelle [v. Gamble], 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) (".. All pleadings shall be so construed as to do substantial justice" ).  With that being said the Plaintiff at all times wishes to conform with the FRCP and would sk this court to grant him leave to amend pleadings if conformity does not meet a proper enough standard.  As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers".

## BACKGROUND

Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act 15 U.S.C. §1681, et seq. Continued collection activity without providing proof of an alleged account, overshadowing collection activity without providing proof of an alleged account, and failure to provide proof of the alleged account.

The Defendant contacted Plaintiff about an alleged debt they were trying to collect.  In accordance with the FDCPA and in response to the Defendant's notice, the Plaintiff sent a letter requesting validation of the alleged debt via certified mail return receipt.  **(see revised complaint and attachments)**

The Defendant to this date has not validated the alleged debt and has continued their collection activity against the Plaintiff with more letters trying to collect and by filing a suit in a

lower court for a small claims action all while within the Plaintiff's 30-day validation period. This is continued collection activity as defined by the FDCPA and by the wording used and the filing of a lower court case trying to intimidate the Plaintiff the Defendant has overshadowed their collection activity which is a violation of the FDCPA. These acts are both willful and negligent.

## NOTICE PLEADING

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rule of Civil Procedure 8(a); Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Hrubec v. Nat. R.Pass. Corp., 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. Hostrop v. Board of Junior College District No. 1, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed.2d 208, 96 S.Ct. 1748 (1975). There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. Maynard v. General Electric Company, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. Neizil v. Williams, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); Ambling v. Blackstone Cattle Co., 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987).

The complaint must be in general terms and need not be stated within a framework of a cause of action. Stanley v. Harper Buffing Machine Co., 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. Curacao Trading Co. v. Fed. Ins. Co., 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. Id. Plaintiff need not specify under what law(s) her case arises. Ghebreslassie v. Coleman Secur. Svc., 829 F.2d 892 (9th Cir. 1987).

Plaintiff need not plead state laws. Lumbermans Mut. Cas. Co. v. Norris Grain Co., 343 F.2d 670 (8th Cir. 1965). State laws should not be plead as the federal court will take judicial notice of

3

applicable state laws. Bower v. Casanave, 44 F. Supp. 501 (U.S.D.C. N.Y. 1941). Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendant on notice of his claims. Fed.R.Civ.Proc. 8.

## **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b)(6), the court must treat the facts alleged in the complaint as admitted. Ward v. Hudnall, 366 F.2d 247 (5th Cir. 1966); Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989). Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Miree v. Dekalb County, Georgia, 433 U.S. 25, 97 S.Ct. 2490 (1977).

If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted. Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. Dann v. Studebaker-Packard Corp., 288 F.2d 201 (6th Cir. 1961). In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc., 237 F.3d 270, 272 (3d Cir. 2001).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the ... the claim and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7- (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at 1955, 127 S.Ct. 1955 (slip op., at 8-9) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Erickson, 127 S.Ct. at 2200.

## CONCLUSION

This case is NOT about alleged accounts owned or monies owed or alleged debts. These laws, the FAIR CREDIT REPORTING ACT (FCRA) and the FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) are geared at what the providers of accounts, credit grantors, debt collectors or divisions of companies that have internal debt collectors and credit reporters and or furnishers of credit information belonging to a consumer are required to do upon notification of dispute or validations of said accounts.

Plaintiff believes he has established that he has a right of claim against the Defendant based on their violations of the FDCPA.

Plaintiff believes he has addressed and opposed each and every argument submitted by defendant. Plaintiff intends to oppose each such argument and request by Defendant. None of the claims by Defendant are subject to dismissal and are not properly plead. Plaintiff respectfully asserts that **Defendant's motion should be denied**.

The Plaintiff will **always** be glad to participate in any reasonable settlement negotiations to this action that are amicable to both parties. Plaintiff will come **anytime** to the table to discuss the possibility of a settlement agreement in order to save time and resources of both parties. The

5

Plaintiff respectfully moves the court to order this case to Rule 16 and or Rule 26 (f) in these matters.

Respectfully submitted this 26TH day of October, 2011.

Timothy Harris
4005 Cherokee Rose Ave
North Las Vegas, NV 89031
702-371-3658
Extremeps1@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing Opposition to Defendant's Motion to Dismiss and Revised Complaint in Harris vs. Crisis Collections Management, LLC, Defendant was served to the attorney of record for the Defendant attention to Kent R. Robinson, Esq., Robinson, Belaustegui, Sharp and Low at 71 Washington Street, Reno, Nevada, 89503 via United States Mail with delivery signature on or about the 26th day of October. This will also be available to any and all PACER ECF participants and will serve as Notice and Service.

Timothy Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV 89031
702-371-3658
Extremeps1@cox.net