Timothy Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV 89031
702-371-3658
Extremeps1@cox.net
Plaintiff, Pro se'

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

Timothy Harris, Pro se'

        Plaintiff(s),

        -vs-

Crisis Collections Management, LLC; Ford

Credit dba Ford Motor Credit Company; and

Does 1 – 10,

        Defendant(s).

**CASE NO. 2:11-cv-01490-RCJ-CWH**

## **PLAINTIFF'S REVISED COMPLAINT IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE A MOTION FOR A MORE DEFINITE STATEMENT**

Comes now the Plaintiff Timothy Harris with this revised copy of Plaintiff's complaint in

response to Defendant's motion for a more definite statement.  The revision is based on all the

files on record plus this revision and any oral argument the court may allow.

      This complaint is based on the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

(FCRA) and the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq. (FDCPA)

At all times hereinafter mentioned, The Plaintiff is a resident of Clark County, State of Nevada.

From here forward Timothy Harris, will be known as the Plaintiff.

///

///

///

## 1. **JURISDICTION AND VENUE**

Jurisdiction of this court arises pursuant to 15 U.S.C. §1681(p) and 15 U.S.C. §1692k(d) and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

The Defendant, Crisis Collections Management, LLC, is a third party debt collector who conducts business in the state of Nevada and is located at 140 Washington St., Suite 200, P.O. Box 3479, Reno, Nevada 89505-3479, as such is governed under the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.(FDCPA). From here forward, Crisis Collections Management, LLC will be known as Defendant.

Plaintiff brings this action to the fact as to how an alleged account was or was not validated and whether or not continued collection activities and wrongful actions without providing proof of an alleged account to the Plaintiff occurred in the attempted collection of the alleged account, violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.

The Co-Defendant, Ford Credit, dba Ford Motor Credit Company conducts business in the state of Nevada and is headquartered at One American Road, Deaborn, Michigan 48216 and is licensed to do business in the State of Nevada, as such is governed under the law by the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. From here forward Ford Motor Company will be known as Co-Defendant.

The Co-Defendant, is a Credit Lender and furnisher of information to the credit reporting agencies. As such, the Co-Defendant is governed under the law by The Fair Credit Reporting Act 15 USC §1681 et seq. and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis, hereafter known as the CRA's. The State of Nevada abides by and adheres to these laws. Specifically the Fair Credit Reporting Act 15 USC §1681, et seq.

///

2

The Plaintiff brings this action to the fact as to how an alleged account was or was not reported correctly and reported erroneous and inaccurate information in the Plaintiffs Credit reports and failed to provide proof of the alleged account. Also the wrongful actions of the Co-Defendant in the credit reporting of the alleged account, violated the civil rights of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, et seq. and the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.

## 2.   **PRELIMINARY STATEMENT**

Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act 15 U.S.C. §1681, et seq. Continued collection activity without providing proof of an alleged account, overshadowing collection activity without providing proof of an alleged account, and failure to provide proof of the alleged account.

Plaintiff brings this action for damages based upon Co-Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"). Reporting erroneous and inaccurate information in the Plaintiffs' Credit Report, for failure to mark Plaintiffs' accounts with the CRA's in dispute, and for willful and negligent non-compliance.

Co-Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## 3.   **INTRODUCTION FOR CAUSE OF ACTION AGAINST DEFENDANT**

On or about July 15th, 2011 the Defendant contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed (**see exhibit PE-THFMC-001**). The Plaintiff does not know the Defendant nor has the Plaintiff ever done any business with the Defendant. On or about July 28th, 2011, the Plaintiff sent a letter of Validation, according to the FDCPA, to the Defendant via certified US Mail #**7010 2780 0000 5438 4193 (see Exhibit PE-THFMC-002)** which the Defendant received on August 1st, 2011. To date the Defendant has failed to provide

legal validation of any alleged debt.  As the Defendant has admitted they are a debt collector, so the Defendant should know that contracts, cancelled checks, accounting statements and so on are not proper, legal validation of debts.  The only legal validation of debt is **presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account under penalty of perjury** see Pacific Concrete F.C.U, v, Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ Hawaii, Inc. v. Yonenaka, 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); Fooks v. Norwich Housing Authority, 28 Conn. L. Rptr. 371, (Conn. Super.2000); Town of Brookfield v. Candlewood Shores Estates, Inc., 513 A.2d 1218, 201 Conn. 1 (1986); and Solaon v. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987).  This being the case, the Defendant has committed fraud upon the consumer in their attempt to collect on an un-validated debt.

The Defendant has performed continued collection activity by sending a 2nd letter on August 4th, 2011 (**see Exhibit PE-THFMC-003**) demanding payment even though the Defendant has not provided any proper, legal proof of any alleged debt or alleged account.  This was done while the Plaintiff was still within his 30-day validation period as allowed by the FDCPA.

The Defendant has again continued their collection activity and overshadowed their collection activity by filing suit against the Plaintiff in the North Las Vegas Justice Court and by sending a letter with the summons of that suit (**see Exhibit PE-THFMC-004**) stating to "Call them" to discuss settlement all while the Defendant was still within the 30-day validation period allowed by the FDCPA.  This letter states that their client is willing to offer a discounted lump sum offer in order to settle even though the accounting statement used as evidence, which is **NOT LEGAL** validation of debt, shows a zero balance and that the debt had been charged off.

///

///

///

4

4.    **DEFENDANT VIOLATIONS OF THE FDCPA**

**Count I against the Defendant Under FDCPA**

**Failure to validate the alleged debt/account:**

**§ 809. Validation of debts 15 USC 1692g**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall **cease collection** of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt

collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period **may not overshadow** or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

WHEREFORE, the Plaintiff has shown that once contacted by the Defendant the Plaintiff did send a letter requesting validation of the alleged debt to the Defendant.  The Defendant has failed to validate any alleged debt that the Defendant is trying to collect on and therefore has violated the Plaintiff's civil rights and the FDCPA.

**Failure to validate the alleged debt/account:**

**§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $1,000.00

## **Count II against the Defendant Under FDCPA**

**Continued collection activity and overshadowing:**

**§ 809. Validation of debts 15 USC 1692g**

A second letter was sent on August 4th, 2011 in response to Plaintiff's validation letter, demanding payment without proper, legal proof of any alleged debt.  Only a copy of a contract and some sort of statements were given as proof.

The Defendant has overshadowed this collection activity by again telling the Plaintiff, "Should you wish to resolve this matter, please contact me." asking for Plaintiff to contact the

Defendant even though there has been no validation of the alleged debt while the Plaintiff is still within his 30-day validation period.  The Defendant has continued their collection activity and also overshadowed that activity by demanding payment and telling the Plaintiff to contact them even though the 30-day validation period had not expired and even though the Defendant had not offered any legal proof of the alleged account. (see **Exhibit PE-THFMC-003**)

**Continued collection activity and overshadowing:**

**In violation of § 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $2,000.00

<u>**Count III against the Defendant Under FDCPA**</u>

**Continued collection activity and overshadowing:**

**In violation of § 809. Validation of debts 15 USC 1692g**

By filing suit in the North Las Vegas Justice Court on August 26th, 2011, while the Plaintiff was still within his 30-day validation period the Defendant has again continued their collection activity without any proper, legal proof of any alleged debt or alleged account.

The Defendant has further overshadowed their collection activity again by sending a letter with notice of the suit in the local court.  In this letter the Defendant again tells the Plaintiff that if he "wishes to resolve this matter without further litigation to call him."  The Defendant also states in their letter that, "their client has given them permission to make offers of multiple ways to settle this alleged debt but that the offers may expire or be withdrawn by their clients."  These statements in conjunction with the filing of a lower court case at the same time can only be seen as a way to try and threaten and intimidate the Plaintiff into paying the Defendant, all while the Plaintiff is still within his 30-day validation period.  These acts are blatant and willfull violations of the FDCPA.  (see **Exhibit PE-THFMC-004**)

**Continued collection activity and overshadowing:**

**In violation of § 809. Validation of debts 15 USC**

Plaintiff demands Judgment in the amount of $2,000.00

WHEREFORE, The Defendant has violated the FDCPA and the Plaintiffs rights under the law.

Plaintiff has disputed and asked for validation of the alleged account with the Defendant in a

timely manner as required under FDCPA.

**§ 813. Civil liability 15 USC 1692i**

(a) Except as otherwise provided by this section, any debt collector who **fails to comply with**

**any** provision of this title with respect to any person is liable to such person in an amount equal

to the sum of (1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may

allow, but not exceeding $1,000; or

(B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

(ii) such amount as the court may allow for all other class members, without regard to a

minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net

worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action,

together with a reasonable attorney's fee as determined by the court. On a finding by the court

that an action under this section was brought in bad faith and for the purpose of harassment, the

court may award to the defendant attorney's fees reasonable in relation to the work expended and

costs.

The Defendant has damaged the Plaintiff both monetarily and emotionally. Plaintiff

demands judgment for punitive damages of $50,000.00 along with $5,000.00 for their violations

of FDCPA and any other damages the court deems permissible along with reasonable attorney's

fees as allowed by this court.

///

///

## 4. __INTRODUCTION FOR CAUSE OF ACTION AGAINST CO-DEFENDANT__

On or about June 1st, 2010 the Plaintiff requested copies of his credit report from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon review the Plaintiff found that the Co-Defendant was reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports.  Upon inspection of the said credit reports the Plaintiff observed that Co-Defendant listed on the Plaintiffs Experian, Equifax and Trans Union credit report indicating an account with them.

The Plaintiff contacted the Co-Defendant by U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 8176** and  U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 7858** on or about June 17th, 2010 and June 22nd, 2010 (**see exhibit PE-THFMC-005**) with receipt of said letters on June 21st, 2010 and July 16th, 2010 disputing the information in the Plaintiff's credit report.

The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 8169** on July 7th, 2010 (**see exhibit PE-THFMC-006**) and said letter was received on July 12th, 2010.

The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 8145** on July 7th, 2010 (**see exhibit PE-THFMC-007**) and said letter was received on July 16th, 2010.

The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # **7009 3410 0001 0346 8152** on July 7th, 2010 (**see exhibit PE-THFMC-008**) and said letter was received on July 10th, 2010.

All three Credit Reporting Bureaus have indicated they are reporting the information correctly as reported by the Co-Defendant.  The Co-Defendant has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since June 2010, in all three credit-reporting bureaus.  To this date the Co-Defendant has not indicated in any of the Plaintiff's credit reports with the CRA's that there is a dispute and as such "marked" those reports to show that

they have been disputed (**see exhibits PE-THFMC-009,010,011**). The Co-Defendant has not provided legal proof of any alleged account against the Plaintiff as is required by law.  Legal proof of any alleged debt requires **presentment of the account and general ledger statement signed and dated under penalty of perjury by the party responsible for maintaining the account** see (Pacific Concrete F.C.U, v, Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ Hawaii, Inc. v. Yonenaka, 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); Fooks v. Norwich Housing Authority, 28 Conn. L. Rptr. 371, (Conn. Super.2000); Town of Brookfield v. Candlewood Shores Estates, Inc., 513 A.2d 1218, 201 Conn. 1 (1986); and Solaon v. Godbole, 163 III. App. 3d 845, 114 III. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987).

5.      <strong><u>Co-DEFENDANT VIOLATIONS OF THE FCRA</u></strong>

<strong><u>Count I against the Co-Defendant under FCRA</u></strong>

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any **person** who willfully fails to comply with **any** requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure **or damages** of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of **punitive damages as the court may allow**; and

(3) in the case of any successful action to enforce any liability under this section, the **costs of the action together with reasonable attorney's fees** as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or

other paper filed in connection with an action under this section was filed in bad faith or for

purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in

relation to the work expended in responding to the pleading, motion, or other paper. As a result

of Co-Defendant's willful failure to comply with the FCRA, Co-defendant is liable to the

Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a

result of the failure **or damages** of not less than $100.00 and not more than $1,000.00 for each

such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of

this action together with reasonable attorneys' fees.

Plaintiff restates and reiterates herein all previous paragraphs.

Plaintiff demands judgment in the amount of $1,188,000.00. This is based on **every day**

that the Co-Defendant violated the FCRA (three hundred ninety six days) by willfully failing to

comply with the requirements of the FCRA, times $1000.00, times three for each one of the three

national credit reporting bureaus.  This is allowed for every day that the Co-Defendant fails to

comply with the FCRA and its regulations thus damaging the Plaintiff's credit ratings and ability

to obtain credit or to obtain credit at reasonable rates.

## Count II against the Co-Defendant under FCRA

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any **person** who is negligent in failing to comply with **any** requirement imposed

under this title with respect to **any** consumer is **liable** to that consumer in an amount equal to the

sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the

action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other

paper filed in connection with an action under this section was filed in bad faith or for purposes

of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Plaintiff demands judgment in the amount of $1,188,000.00. This is based on **every day** that the Co-Defendant violated the FCRA (three hundred ninety six days) by negligently failing to comply with the requirements imposed under the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus.  This is allowed for every day that the Co-Defendant fails to comply with the FCRA and its regulations thus damaging the Plaintiff's credit ratings and ability to obtain credit or to obtain credit at reasonable rates.

### Count III against the Co-Defendant under FCRA:

The plaintiff has disputed with the Co-Defendant and all three credit-reporting agencies in the same time frame and the Co-Defendant has not complied with the FCRA.  The Co-Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's character by saying that the Plaintiff doesn't pay his bills.

**Reporting erroneous and inaccurate information**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies:**

(a)Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and

(ii) the information is, in fact, inaccurate.

12

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer-reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer-reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681 i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

Plaintiff demands judgment in the amount of $1,188,000.00. This is based on every day that the Co-Defendant violated the FCRA (three hundred ninety six days) by reporting erroneous and inaccurate information, times $1000.00, times three for each of the three national credit reporting bureaus. This is allowed for every day that the Co-Defendant fails to update the report by marking the alleged account in dispute thus damaging the Plaintiff's credit ratings and ability to obtain credit or to obtain credit at reasonable rates.

### Count IV against the Co-Defendant under FCRA

The Co-Defendant, has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports as the Co-Defendant has not provided proof of any alleged account from July 21st, 2010 and through today in all three credit reporting bureaus. Co-Defendant has failed to indicate that the alleged account is in dispute.

**Failure to mark the account in dispute**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

The Plaintiffs credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed by the consumer, even though the Plaintiff has sent a letter of dispute to the Co-Defendant and to date the Co-Defendant has not responded.

Plaintiff demands judgment in the amount of $1,188,000.00. Based on every day (three hundred and ninety six days) the Co-Defendant has failed to mark the account in dispute times $1000.00 per violation, times three for all three national credit bureaus.  The Co-Defendant has broken the FCRA by updating the reports each month without marking the alleged account in dispute thus damaging the Plaintiff's credit ratings and ability to obtain credit or to obtain credit at reasonable rates.

## Count V against the Co-Defendant under FCRA

**§ 615. Requirements on users of consumer reports 15 U.S.C. § 1681m(G)**

(2) upon request of the consumer to whom the debt purportedly relates, provide to the

consumer all information to which the consumer would otherwise be entitled if

the consumer were not a victim of identity theft, but wished to dispute the debt

under provisions of law applicable to that person.

Plaintiff demands judgment in the amount of $4,752,000.00 for violations of the FCRA

against the Plaintiff. This is based on every day that the Co-Defendant violated the FCRA in

Plaintiffs credit reports (three hundred ninety six days) by willfully failing to comply with the

requirements of the FCRA, times $1000.00, times three for each one of the three national credit

reporting bureaus. This is allowed for every day that the Co-Defendant fails to comply with the

FCRA and its regulations thus damaging the Plaintiff's credit ratings and ability to obtain credit

or to obtain credit at reasonable rates and Plaintiff's reputation by saying that he doesn't pay his

bills.

## SUMMATION

Plaintiff has disputed the alleged accounts with the Co-Defendant and the Credit

Reporting Agencies in a timely manner. The Co-Defendant has failed to indicate the Plaintiffs

reports as being in dispute with regards to the alleged accounts being reported by the CRA's.

Therefore the Co-Defendant is now reporting erroneous and inaccurate information on the

Plaintiff's credit reports and the Co-Defendant has failed to provide legal proof of the alleged

account as requested by the Plaintiff. These failures and in-actions by the Co-Defendant have

violated the FCRA and damaged the Plaintiff.

The Plaintiff now has a negatively impacted credit score as of this date and has been

denied credit and/or denied credit at reasonable rates because of the willful noncompliance and

negligent actions of erroneous and inaccurate reporting and/or inaction's of the Co-Defendant.

Co-Defendant has not only violated the Plaintiff's civil rights but damaged the Plaintiff both monetarily and emotionally.

WHEREFORE, the Co-Defendant has violated the Fair Credit Reporting Act. Plaintiff demands Judgment in the amount of $4,752,000.00, plus all costs of this action along with punitive damages in the amount of $100,000.00, for their violations of FCRA and any other damages and attorney's fees the court deems permissible.

Respectfully submitted this 26th day of October, 2011.

Timothy Harris
4005 Cherokee Rose Ave
North Las Vegas, NV 89031
702-371-3658
Extremeps1@cox.net

///
///
///
///
///
///
///
///
///
///
///
///
///
///

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing Response to Motion to Dismiss and Revised

Complaint, Harris vs. Crisis Collections Management, LLC, has been served to Defendant's

attorney of record at Robinson, Belaustegui, Sharp & Low with attention to Kent R. Robinson,

Esq., at their place of business at 71 Washington Street, Reno, Nevada 89503 via United States

Postal Service. The aforementioned document was served to Co-Defendant, Ford Credit, by way

of their attorney of record at Kravitz, Schnitzer, Sloane & Johnson with attention to Gary E.

Schnitzer, Esq., at 8985 South Eastern Avenue, Suite 200, Las Vegas, Nevada 89123 via United

States Postal Service. This will also be available to any and all PACER ECF participants and

will serve as Notice and Service.

Timothy Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV 89031
702-371-3658
Extremeps1@cox.net

# PE-THFMC-001

# PE-THFMC-001

**CRISIS COLLECTIONS MANAGEMENT, LLC**
140 Washington St., Suite 200
PO Box 3479
Reno, Nevada 89505-3479
(775) 329-5114 / Fax (775) 329-5481
www.crisiscollections.com
Email:  ekaufer@crisiscollections.com

July 15, 2011

Timothy P Harris
4005 Cherokee Rose Ave.
N. Las Vegas Nevada 89031

      Re:    FORD MOTOR CREDIT COMPANY/TIMOTHY P HARRIS
              Acct. No. 48063000000041346505
              Amount: $7,456.70  Date:  June 9, 2011

Dear  Harris:

      This office represents FORD MOTOR CREDIT COMPANY and has been retained to collect the outstanding obligation.   The account balance is stated above and it is our understanding that the account is accruing interest from the stated date.  In the event we are unable to resolve this claim, we may file suit and pursue collection of all sums awarded by the court.

      Please be advised that pursuant to 15 U.S.C. § 1692g unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, this firm will assume the debt to be valid.  If you notify this firm within the 30 day period that the debt, or any portion thereof is disputed, this firm will obtain verification of the debt and a copy of such verification will be mailed to you by this firm.

      If you have a desire to resolve this matter please contact Ed Kaufer, Collection Manager, at (775) 329-5114.

      THIS IS A COMMUNICATION FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE.

                  Sincerely,

                  Robert H. Broili
                  Attorney at Law

RHB/JWG

# PE-THFMC-002

# PE-THFMC-002

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Crisis Collections Mgmt, LLC
140 Washington St.
Suite 200
Reno, NV 89505-3479

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   ECh

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7010 2780 0000 5438 4193

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.85 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.59 |

07/28/2011

Sent To
Crisis Collections Mgmt., LLC
Street, Apt. No.;
or PO Box No. 140 Washington St. Suite 200
City, State, ZIP+4
Reno, NV 89505-3479

7010 2780 0000 5438 4193

# PE-THFMC-003

# PE-THFMC-003

# Crisis Collections Management, LLC

140 Washington St., Suite 200
P.O. BOX 3479
RENO, NEVADA 89505-3479
(775) 329-5114
FAX (775) 329-5481
Email: ekaufer@crisiscollections.com
www.crisiscollections.com

August 4, 2011

Mr. Timothy P. Harris
4005 Cherokee Rose Avenue
North Las Vegas, NV 89031

Re: FMCC v. Timothy P. Harris
Account no.: 48063000000041346505

Dear Mr. Harris:

Thank you for your letter of July 28th, 2011 regarding the above referenced matter.

In accordance with your request, enclosed please find the relevant documents that support Ford Motor Credit's claim against you.

Should you wish to resolve this matter, please contact me.

Thank you.

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE.

Sincerely,

E.C. Kaufer
Collection Manager

ECK/bh
Encl: Relevant Documents

SIMPLE INTEREST VEHICLE CONTRACT AND SECURITY AGREEMENT

**SECTION A:**
Buyer's/Name: TIMOTHY P HARRIS
Name:
Address: 6213 EAGLE CROSSING ST
City: LAS VEGAS   County: CLARK
State: NV   Zip: 89130
Bus. Phone: (702) 413-6046   Res. Phone: (702) 413-6046
Stock No. 27198   135792

**CREDITOR:** TEAM FORD, LLC   AUG 3 1 2006
Address: 5445 DREXEL RD
City: LAS VEGAS   County: CLARK
State: NV   Zip: 89130
Phone: (702) 395-5100

Salesperson: HIBBS, RIC   Date: AUG 29TH 2006

**SECTION B:**   DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH-IN-LENDING ACT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after you have made all payments as scheduled | The total cost of your purchase on credit, including your down payment of $ 20.00 |
| 0.00 % | $ N/A | $ 25,525.76 | $ 25,535.76 | $ 25,545.76 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 71 | 354.53 | MONTHLY BEGINNING 10-13-06 |
| | 354.64 | SEPTEMBER 13 201 |

Insurance: Credit life insurance, credit disability insurance and debt cancellation coverage, which is also known as GAP coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Term | Signature(s) |
|---|---|---|---|
| Credit life: | $ N/A | | I want credit life insurance: X _____ |
| Joint credit life: | $ N/A | | We want joint credit life insurance: X _____ |
| Credit disability: | $ N/A | | I want credit disability insurance: X _____ |
| Credit life and disability: | $ N/A | | We want credit life and disability insurance: X _____ |
| Joint credit life and disability: | $ N/A | | We want joint credit life and single disability insurance: X _____ |
| Debt cancellation coverage (GAP coverage): | $ 500.00 | | I want debt cancellation coverage (GAP Coverage): X _____ |

You may obtain property insurance from anyone you want that is acceptable to the Creditor above. If you get the insurance from the Creditor you will pay $ N/A and the term of the insurance will be N/A.

Security: You are giving a security interest in the goods or property being purchased.

Filing fee $ _____   Handling Insurance $ _____
Late Charge: If payment is more than 10 days late, you will be charged 5% of a portion of the payment. (whichever is less...)
Prepayment: If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

**SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

This contract is made the ___ day of ___ AUGUST ___ (month) of ___ 20 ___ (year), between you, the Buyer(s) shown above, and us, the Seller shown as Creditor above. Having been funded a cash price and a credit price and having chosen to pay the credit price shown as the Total Sale Price in Section B above, you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral").

New or Used: NEW   Year and Make: 2006 FORD

Series: MUSTANG   Style: 2DR CPE   No. Cyl. 8

If truck, ton capacity:

Manufacturer's Serial Number: 1ZVFT80N465204868

Use for which purchased: [X] Personal [ ] Business [ ] Agriculture

INCLUDING:
[ ] Sun/Moon Roof   [X] Air Conditioning   [X] Automatic Transmission
[ ] Power Steering   [ ] Power Door Locks   [ ] Power Seats
[ ] Power Windows   [ ] Tilt Wheel   [ ] Vinyl Top
[ ] Cassette   [ ] Cruise Control   [X] AM/FM Stereo
[ ] Compact Disc Player

P1 _____ Color _____ Lic. No. _____

You, severally and jointly, promise to pay us the Total of Payments (shown in Section B above) according to the Payment Schedule (also shown in Section B above), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed above.

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessories to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, and any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise assure your obligations under this contract except for the security interests and assignments granted by you in this contract.

Address where Collateral will be located:

Street 6213 EAGLE CROSSING ST   City LAS VEGAS

County CLARK   State NV

Your address after receipt of possession of Collateral:

Street 6213 EAGLE CROSSING ST   City LAS VEGAS

County CLARK   State NV

**NOTICE OF RESCISSION RIGHTS**

If buyer signs here, the notice of rescission signs on the reverse side is applicable to this contract.

Buyer's Signature X _____

Co-Buyer's Signature X _____

**STATE DISCLOSURE REQUIREMENTS:** The provisions of Section B and Section C above are incorporated into this agreement for purposes of state disclosure requirements.

Additional Terms and Conditions: The additional terms and conditions set forth on the reverse side hereof are a part of this contract and are incorporated herein by reference.

OPTION: ___ X ___ You pay no Finance Charge if the Total Amount Financed, Item No. 12, Section C, is paid in full on or before the ___ N/A ___ (day) of
___ N/A ___ (month) of ___ N/A ___ (year).
SELLER'S INITIALS _____

**SECTION E:**   **NOTICE TO BUYER**

Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle above, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

The text of the preceding two paragraphs is set forth below in Spanish.

Si usted está comprando un vehículo usado mediante este contrato según lo descrito del vehículo arriba, la ley federal podrá exigir que la ventanilla demuestre una guía especial para el comprador.

LA INFORMACIÓN QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHÍCULO ES PARTE DE ESTE CONTRATO. LA INFORMACIÓN EN LA FORMA DE VENTANILLA INVALIDA CUALQUIERA ESTIPULACIÓN CONTRARIA EN EL CONTRATO DE VENTA.

BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED-IN COPY OF THIS CONTRACT AND THE ABOVE DISCLOSURE AT THE TIME OF SIGNING.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C ABOVE.

Buyer X _____   Date 08/29/06   Co-Buyer X _____
Creditor TEAM FORD, LLC   Date 08/29/06   By X _____   Title GEN. MGR.

LIEN FORD LLC, BUYER OF THE CONTRACT

**SECTION C: ITEMIZATION OF AMOUNT FINANCED**

1. Vehicle Selling Price ....................... $ 19939.24
   Plus: Documentary Fees ............ $ 396.00
   Plus: Emission Inspection Fee ..... $ N/A
   Plus: Other ( ALARM ) ............ $ 495.00
   Plus: Other ( _____ ) ........... $ N/A
   Taxable Selling Price .............................. $ 20829.24
2. Total Sales Tax ............................... $ 1616.77
3. Amounts Paid to Public Officials
   a. Titling Fee ..................... $ 28.25
   b. Registration Fee ............... $ N/A
   c. Other ( _____ ) .............. $ N/A
   TOTAL OFFICIAL FEES (add 3a through 3c) ... $ 28.25
4. Plus Other Charges
   a. Extended Service Contract .... $ 1540.00
   b. Driveaway Permit ............. $ N/A
   c. Other ( OCR ) ............... $ 935.00
   d. Other ( _____ ) ............. $ N/A
   Total OTHER CHARGES (add 4a through 4d ... $ 2475.00
5. Total Cash Sales Price (Add 1 through 4) ... $ 24949.76
6. Gross Trade-In Allowance ..... $ N/A
   Minus: Payoff Balance ........... $ N/A
   Net Trade-In Allowance ........................... $ N/A
7. Down Payment (Plus Net Trade-In Allowance)
   a. Trade-In Sales Tax Credit ..... $ N/A
   b. Cash .......................... $ 20.00
   c. Manufacturer's Rebate ......... $ N/A
   d. Other ( _____ ) .............. $ N/A
   Down Payment (Add 7a through 7d) .............. $ 20.00
8. TOTAL DOWN PAYMENT AND
   NET TRADE-IN ALLOWANCE (Add 6 and 7) ....... $ 20.00
9. UNPAID BALANCE OF CASH SALES PRICE
   (Subtract 8 from 5) ............................... $ 24929.76
10. Plus Optional Insurance Charges
    a. Credit Life Insurance Premium
       Paid to ( _____ ) Term ( _____ ) .. $ N/A
    b. Credit Disability Insurance Premium
       Paid to ( _____ ) Term ( _____ ) .. $ N/A
    c. Debt Cancellation Coverage (GAP Coverage)
       Paid to ( _____ ) Term ( 72 ) ..... $ 500.00
    d. Other Insurance
       Paid to ( _____ ) Term ( _____ ) .. $ N/A
11. Other Amounts Financed
    a. _____
       Paid to ( N/A ) ........... $ N/A
    b. _____
       Paid to ( _____ ) ......... $ N/A
12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11) $ 25525.76
    *Seller may retain or receive a portion of this amount.

ORIGINAL LIENHOLDER

2010-Jun-30 08:40 AM Ford 1



**Ford Motor Credit Company**
Customer Relations
P.O. Box 542000
Omaha, NE 68154-8000

June 28, 2010

Timothy Paul Harris
4005 Cherokee Rose Avenue
North Las Vegas, NV 89031

Re:   Ford Credit Account - 41346505

Dear Mr. Harris:

I am writing in response to your letter of June 17, 2010, which was forwarded to me for review and reply.  In it, you dispute the balance on the above account.

Upon receipt of your letter, I reviewed your account.  Our records indicate you signed a Simple Interest Vehicle Contract and Security Agreement (copy enclosed) on August 29, 2008, financing $25,525.76 at an Annual Percentage Rate of 0%.  By virtue of your signature on the contract, you agreed to repay the amount financed by making 72 monthly payments of $354.52 on the 13th of each month, until the balance is paid in full.

Our records further show 45 of the required 72 payments have been received and applied to the amount financed.  The payment due July 13, 2007, was not received until July 31, 2007, 18 days past due.  In accordance with the terms of the contract, a late charge of $15.00 was assessed when the payment was 10 days past due.  This late fee was paid on August 14, 2007, when a payment of $369.72 was received.  A Statement of Account, detailing the payment history, has been sent under separate cover for your review.

The amount financed ($25,525.76) less the 45 payments of $354.52, ($15,953.40) received and applied toward the amount financed, leaves a current balance for your account of $9,572.36.  The next payment is due on July 13, 2010.  No derogatory information has been reported to the credit bureaus with regard to this account.

Thank you for writing and allowing me the opportunity to provide this information.

Sincerely,

Laurie Dunlop
Executive Analyst - Ford Credit

PCUS

Ford Credit
P.O. Box 64400
Colorado Springs, CO 80962-4400

ACCOUNT NUMBER: 00000041346505

JUNE    09, 2011

TIMOTHY P HARRIS
4005 CHEROKEE ROSE AVE.
N. LAS VEGAS, NV 89031

ACCOUNT NUMBER:    00000041346505

YEAR: 2006   MAKE:   FORD      MODEL:  MUSTG
VIN:            1ZVFT80N465204868

DEAR CUSTOMER:
BELOW IS THE ITEMIZED HISTORY OF YOUR ACCOUNT BEGINNING WITH THE CONTRACT DATE
OF 08/29/06 AND REFLECTING ACTIVITY THROUGH 06/09/11.

*************************************************************
                     CURRENT ACCOUNT STATUS

| CURR RATE | NUM PMTS DUE DATE REM | BALANCE | CURRENT AMT DUE | LATE CHARGES ASSESSED | LATE CHARGES DUE | OTHER FEES ASSESSED | OTHER FEES DUE |
|---|---|---|---|---|---|---|---|
| 0.00 | 12319999  0 | 0.00 | 0.00 | 120.00 | 0.00 | 25.00 | 0.00 |

*************************************************************

| INVOICE DUE DATE | TRANS DATE | DAYS LATE | TRANSACTION AMOUNT | PRINCIPAL | INTEREST | FEES | PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|---|
|  | 08/29/06 |  | 22451.76 | CONTRACT AMOUNT |  |  | 25525.76 |
| 10/13/06 | 10/02/06 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 25171.24 |
| 11/13/06 | 10/17/06 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 24816.72 |
| 12/13/06 | 12/12/06 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 24462.20 |
| 01/13/07 | 01/09/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 24107.68 |
| 02/13/07 | 02/06/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 23753.16 |
| 03/13/07 | 03/14/07 | 1 | 354.52 | 354.52 | 0.00 | 0.00 | 23398.64 |
| 04/13/07 | 04/17/07 | 4 | 354.52 | 354.52 | 0.00 | 0.00 | 23044.12 |
| 05/13/07 | 05/16/07 | 3 | 354.52 | 354.52 | 0.00 | 0.00 | 22689.60 |

FCU8

JUNE   09, 2011

ACCOUNT NUMBER:  00000041346505

TIMOTHY P HARRIS
4005 CHEROKEE ROSE AVE.
N. LAS VEGAS, NV  89031

| INVOICE DUE DATE | TRANS DATE | DAYS LATE | TRANSACTION AMOUNT | PRINCIPAL | INTEREST | FEES | PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|---|
| 06/13/07 | 06/18/07 | 5 | 354.52 | 354.52 | 0.00 | 0.00 | 22335.08 |
|  | 07/23/07 |  | 15.00 | FEE ASSESSMENT |  |  | 22335.08 |
| 07/13/07 | 07/31/07 | 18 | 354.52 | 354.52 | 0.00 | 0.00 | 21980.56 |
| 08/13/07 | 08/14/07 | 1 | 369.52 | 354.52 | 0.00 | 15.00 | 21626.04 |
| 09/13/07 | 08/29/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 21271.52 |
| 10/13/07 | 10/04/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 20917.00 |
| 11/13/07 | 11/15/07 | 2 | 354.52 | 354.52 | 0.00 | 0.00 | 20562.48 |
| 12/13/07 | 11/30/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 20207.96 |
| 01/13/08 | 12/27/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 19853.44 |
| 02/13/08 | 02/04/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 19498.92 |
| 03/13/08 | 03/03/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 19144.40 |
| 04/13/08 | 04/17/08 | 4 | 354.52 | 354.52 | 0.00 | 0.00 | 18789.88 |
| 05/13/08 | 05/13/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 18435.36 |
| 06/13/08 | 05/27/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 18080.84 |
| 07/13/08 | 06/16/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 17726.32 |
| 08/13/08 | 07/25/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 17371.80 |
| 09/13/08 | 09/04/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 17017.28 |
| 10/13/08 | 10/13/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 16662.76 |
| 11/13/08 | 11/13/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 16308.24 |
| 12/13/08 | 12/13/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 15953.72 |
| 01/13/09 | 01/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 15599.20 |

FCUS

JUNE    09, 2011

TIMOTHY P HARRIS
4005 CHEROKEE ROSE AVE.
N. LAS VEGAS, NV 89031

| INVOICE DUE DATE | TRANS DATE | DAYS LATE | TRANSACTION AMOUNT | PRINCIPAL | INTEREST | FEES | PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|---|
| 02/13/09 | 02/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 15244.68 |
| 03/13/09 | 03/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 14890.16 |
| 04/13/09 | 04/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 14535.64 |
| 05/13/09 | 05/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 14181.12 |
| 06/13/09 | 06/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 13826.60 |
| 07/13/09 | 07/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 13472.08 |
| 08/13/09 | 08/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 13117.56 |
| 09/13/09 | 09/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 12763.04 |
| 10/13/09 | 10/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 12408.52 |
| 11/13/09 | 11/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 12054.00 |
| 12/13/09 | 12/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 11699.48 |
| 01/13/10 | 01/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 11344.96 |
| 02/13/10 | 02/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 10990.44 |
| 03/13/10 | 03/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 10635.92 |
| 04/13/10 | 04/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 10281.40 |
| 05/13/10 | 05/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 9926.88 |
| 06/13/10 | 06/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 9572.36 |
| 07/13/10 | 07/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 9217.84 |
| 08/13/10 | 08/19/10 | 6 | 354.52 | 354.52 | 0.00 | 0.00 | 8863.32 |
| | 05/23/10 | | 15.00 | FEE ASSESSMENT | | | 8863.32 |
| 09/13/10 | 10/14/10 | 31 | 354.52 | 354.52 | 0.00 | 0.00 | 8508.80 |

FCUS                                                          ACCOUNT NUMBER:  00000041346505

JUNE    09, 2013

TIMOTHY P HARRIS
4005 CHEROKEE ROSE AVE.
N. LAS VEGAS, NV  89031

| INVOICE DUE DATE | TRANS DATE | DAYS LATE | TRANSACTION AMOUNT | PRINCIPAL | INTEREST | FEES | PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|---|
| | 10/25/10 | | 15.00 | FEE ASSESSMENT | | | 8508.80 |
| | 11/23/10 | | 15.00 | FEE ASSESSMENT | | | 8508.80 |
| 10/13/10 | 12/07/10 | 55 | 354.52 | 354.52 | 0.00 | 0.00 | 8154.28 |
| | 12/21/10 | | | EXTENSION | | | 8154.28 |
| | 12/21/10 | | 25.00 | FEE ASSESSMENT | | | 8154.28 |
| 01/13/11 | 12/23/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 7799.76 |
| | 02/23/11 | | 15.00 | FEE ASSESSMENT | | | 7799.76 |
| 02/13/11 | 03/02/11 | 17 | 354.52 | 354.52 | 0.00 | 0.00 | 7445.24 |
| | 03/23/11 | | 15.00 | FEE ASSESSMENT | | | 7445.24 |
| | 04/25/11 | | 15.00 | FEE ASSESSMENT | | | 7445.24 |
| | 05/23/11 | | 15.00 | FEE ASSESSMENT | | | 7445.24 |
| | 06/08/11 | | 13.93 | DECR UNEARNED | | | 7445.24 |
| | 06/08/11 | | 98.89 | DECR UNEARNED | | | 7445.24 |
| | 06/08/11 | | 118.54 | PRINCIPAL PAYMENT | | | 7326.70 |
| | 06/09/11 | | 7326.70 | CHARGEOFF | | | 0.00 |
| | 06/09/11 | | 1.33 | DECR UNEARNED | | | 0.00 |
| | 06/09/11 | | 6.24 | DECR UNEARNED | | | 0.00 |

# PE-THFMC-004

# PE-THFMC-004

**CRISIS COLLECTIONS MANAGEMENT, LLC**
140 Washington St., Suite 200
PO Box 3479
Reno, Nevada 89505-3479
(P) 775-329-5114 (F) 775-329-5481
www.crisiscollections.com
Email: ekaufer@crisiscollections.com

August 18, 2011

Timothy P Harris
4005 Cherokee Rose Ave.
N. Las Vegas, Nevada 89031

Re:     File Number   11-01264-0
        Plaintiff:     FORD MOTOR CREDIT COMPANY
        Balance Due: $7,670.20

Dear TIMOTHY P HARRIS:

We represent the above referenced plaintiff with regarding to the attached summons and Complaint.

We regret that it is necessary to file suit in attempt to collect this obligation. Due to the recent national economic crisis our client has authorized us to offer you a discounted lump sum payment option. If you cannot manage that option, our client has authorized a payment plan to allow you to pay this obligation over time. If you are interested in discussing either option plans, please call us. These options may expire or be withdrawn by our clients.

Should you wish to resolve this matter without further litigation, please call me. I will do everything possible to assist you in an affordable resolution.

Thank you, I look forward to hearing from you.

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE.

Sincerely,

E. C. Kaufer
Collection Manager

ECK
11-01264-0

SUMM

Case No:
Dept No: # 1

### IN THE NORTH LAS VEGAS JUSTICE COURT
### CLARK COUNTY, STATE OF NEVADA

FORD MOTOR CREDIT COMPANY,

       Plaintiff,

                        **S U M M O N S**

v.

                       **11CN 2134**

TIMOTHY P HARRIS,

_____ Defendant. _____/

**NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**

      A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

      (1) If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

  (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court. A filing fee of $33.00 is required.

  (b) Serve a copy of your response upon the attorney whose name and address is shown below.

      (2) If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued on behalf of:

By: _____
    ROBERT H. BROILI, ESQ.
    Attorney for Plaintiff
    140 Washington St., Suite 200
    Reno NV 89503
    (775) 329-5114

DATE: _____AUG 2 6 2011_____

**FABIOLA MORALES**

BY: _____
                      **CLERK**

Court's address:
2428 N. Martin Luther King Blv
N. Las Vegas NV 89032 702-455-7801

STATE OF _____ }

} ss.          **AFFIDAVIT OF SERVICE**

COUNTY OF _____ }

11-01264-0

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interest in the proceeding in which this affidavit is made. That affiant received ____ copy(ies) of the Summons and Complaint on the _____ day of _____, 20___, and served the same on the _____ day of _____, 20___, by:

1.    Delivering and leaving a copy with the Defendant _____
        _____ at (state  address) _____

2.    Serving the Defendant _____ by
        personally delivering and leaving a copy with _____
        _____, a person of suitable age and discretion residing at the Defendant's usual place
        of abode located at: (state address)_____

                    USE PARAGRAPH 3 FOR SERVICE UPON AGENT, COMPLETING A OR B

3.    Serving the Defendant _____ by personally
        delivering and leaving a copy:
                a.  with _____, as _____
                _____, an agent lawfully designated by statute to accept service of process;
                b.  with _____, pursuant to NRS 14.020 as a
                person of suitable age and discretion at the above address, which address is
                the address of the resident agent as shown on the current certificate of
                designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed
        in a sealed envelope postage prepaid (check appropriate method): _____ ordinary
        mail; _____ certified mail, return receipt requested; _____ registered mail, return
        receipt requested, addressed to the Defendant _____ at
        the Defendant's last known address which is (state address) _____
        _____

SUBSCRIBED AND SWORN to before me this
_____ day of _____, 20___.

_____
**Signature of person
making service**

_____
NOTARY PUBLIC in and for the said County and State

NORTH LAS VEGAS JUSTICE COURT

CLARK COUNTY, NEVADA

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, SUMMONS, filed in

Case Number ,

__X__ Document does not contain the social security number of any person

-OR-

_____ Document contains the social security number of a person as required by:

_____ A specific state law, to wit: _____

-or-

_____ For the administration of a public program

-or-

_____ For an application for a federal or state grant

DATED August 6, 2011.

ROBERT H. BROILI, ESQ.
Attorney and Counselor at Law


By_____
ROBERT H. BROILI, ESQ. (NV Bar #3685)
140 Washington St., Suite 200
P.O. Box 3479
Reno, NV  89505
(775) 329-5114
Attorneys for Plaintiff

$1425 - COMP

ROBERT H. BROILI, ESQ.
Nevada Bar No. 3685
140 Washington St., #200
POST OFFICE BOX 3479
Reno, NV, USA 89505-3479
PH: (775) 329-5114
FX: (775) 329-5481

Attorney for Plaintiff

IN THE NORTH LAS VEGAS JUSTICE COURT

CLARK COUNTY, STATE OF NEVADA

FORD MOTOR CREDIT COMPANY,
                              Plaintiff,

v.                                               Case No. **11CN 2134**

TIMOTHY P HARRIS,                                Dept. No. **1**
                              Defendant.  /

## COMPLAINT

Plaintiff, FORD MOTOR CREDIT COMPANY, by and through its attorney, ROBERT H.

BROILI, ESQ., hereby complains and alleges as follows:

1.      That at all times herein mentioned Plaintiff, FORD MOTOR CREDIT COMPANY,

was and is a duly licensed AUTOMOBILE FINANCE COMPANY authorized to conduct business

in the State of Nevada.

2.      That the Defendant TIMOTHY P. HARRIS is a resident of CLARK County,

Nevada, and/or that the Contract was entered into in CLARK County, Nevada.

3.      That the Defendant executed and delivered to Plaintiff a written SIMPLE

INTEREST VEHICLE CONTRACT AND SECURITY AGREEMENT, evidencing a loan secured

by a consumer vehicle.

4.      The Defendant defaulted by not making all required payments.  Plaintiff has been

unable to repossess the vehicle and Plaintiff requests possession of the collateral be delivered to

1

Plaintiff.

5.    That the amount due as of March 2, 2011, was $7,456.70, which continues to accrue interest at 5.250% per annum.

6.    That pursuant to the contract, the Defendant agreed to pay attorney's fees and costs of suit incurred by Plaintiff to collect the unpaid balance.

7.    That it has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action.

8.    That the Plaintiff is NOT a pay-day loan company, a title loan company, a short term loan company or a check cashing service within the meaning established by the Nevada Revised Statutes and is therefore compliant therewith.

9.    This litigation is an attempt to collect a debt and any information provided will be used for that purpose.

10.   AFFIRMATION - This document or its attachments does NOT contain the social security number of any individual.

WHEREFORE, Plaintiff prays as follows:

1.  For judgment against the Defendant, TIMOTHY P. HARRIS in the amount of $7,456.70, as of March 2, 2011;

2.  For interest at 5.250% from March 2, 2011, until paid in full;

3.  For reasonable attorneys fees;

4.  For costs of suit incurred herein; and

5.  For such other and further relief as the Court deems just and proper.

DATED August 6, 2011

ROBERT H. BROILI, ESQ.
Nevada Bar No. 3685
140 Washington St., Suite 200
Reno, Nevada 89503
(775) 329-5114
Attorney for Plaintiff

11-01264-0

2

SIMPLE INTEREST VEHICLE CONTRACT AND SECURITY AGREEMENT

**SECTION A:**

| Buyer's/Debtor's Name: TIMOTHY P HARRIS | CREDITOR: TEAM FORD, LLC |
| Address: 6213 EAGLE CROSSING ST | Address: 5445 DREXEL RD |
| City: LAS VEGAS County: CLARK | City: LAS VEGAS County: CLARK |
| State: NV Zip: 89130 | State: NV Zip: 89130 |
| Bus. Phone: ( 702) 413-6048 Res. Phone: ( 702) 413-6048 | Phone: ( 702) 395-5100 |
| Stock No. 27196 152762 Salesman: HIBBS, RIC | Date AUG 29TH 2006 |

**SECTION B: DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH-IN-LENDING ACT**

Your payment schedule will be:

| | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|
| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. 0.00 % | 71 | 354.53 | MONTHLY BEGINNING 10-13-06 |
| | 1 | 354.64 | SEPTEMBER 13 2012 |

**FINANCE CHARGE** The dollar amount the credit will cost you. $ N/A

**Amount Financed** The amount of credit provided to you or on your behalf. $ 25,525.76

**Total of Payments** The amount you will have paid after you have made all payments as scheduled. $ 25,525.76

**Total Sale Price** The total cost of your purchase on credit, including your down payment of $ 20.00 $ 25,545.76

Security: You are giving a security interest in the goods or property being purchased.

**SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

New or Used: NEW Year and Make: 2006 FORD

Series: MUSTANG Body Style: 2DR CPE No. Cyl. 6

Manufacturer's Serial Number: 1ZVFT80N465204868

NOTICE OF RESCISSION RIGHTS

**SECTION C: ITEMIZATION OF AMOUNT FINANCED**

1. Vehicle Selling Price ............. $ 19939.24
   Plus: Documentary Fee ............. $ 395.00
   Plus: Emission Inspection Fee ..... $ N/A
   Plus: Other ALARM .... $ 495.00
   Plus: Other ............. $ N/A
   Taxable Selling Price ............. $ 20829.24
2. Total Sales Tax ................... $ 1614.12
   TOTAL OFFICIAL FEES (Add 3a through 3c) $ 26.25
3. Amounts Paid to Public Officials:
   a. Titling Fee ............. $ 26.25
   b. Registration Fee ....... $ N/A
   c. Other ( ) .......... $ N/A
4. Plus Other Charges
   a. Extended Service Contract ... $ 1540.00
   b. Driveway Permit ............ $ N/A
   c. Other ( OCM ) ........... $ 935.00
   d. Other ( N/A ) .......... $ N/A
   Total OTHER CHARGES (Add 4a through 4d) $ 2475.00
5. Total Cash Sales Price (Add 1 through 4) $ 24936.76
6. Gross Trade-in Allowance ........ $ N/A

10. Plus Optional Insurance Charges
    a. Credit Life Insurance Premium
       Paid to ( ) Term ( ) $ N/A
    b. Credit Disability Insurance Premium
       Paid to ( ) Term ( ) $ N/A
    c. Debt Cancellation Coverage (GAP Coverage)
       Paid to ( ) Term ( 72 ) $ 589.00
    d. Other Insurance
       Paid to ( ) $ N/A
11. Other Amounts Financed
    a. $ N/A
       Paid to ( N/A ) $ N/A
    b. N/A
       Paid to ( N/A ) $ N/A
12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11) $ 25525.76

**SECTION E: NOTICE TO BUYER**

Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you fail to perform your obligations under this agreement, the vehicle you are buying may be liable for the unpaid indebtedness evidenced by this agreement.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C ABOVE.

| Buyer: | Date: 08/29/06 | Co-Buyer: X | Date: |
| Creditor: TEAM FORD, LLC | Date: 08/29/06 By: X | CONT MGR |

ORIGINAL LIENHOLDER

2010-Jun-30 08:40 AM Ford 1



**Ford Motor Credit Company**
Customer Relations
P.O. Box 542000
Omaha, NE 68154-8000

June 28, 2010

Timothy Paul Harris
4005 Cherokee Rose Avenue
North Las Vegas, NV 89031

Re:   Ford Credit Account – 41346505

Dear Mr. Harris:

I am writing in response to your letter of June 17, 2010, which was forwarded to me for review and reply. In it, you dispute the balance on the above account.

Upon receipt of your letter, I reviewed your account. Our records indicate you signed a Simple Interest Vehicle Contract and Security Agreement (copy enclosed) on August 29, 2008, financing $25,525.76 at an Annual Percentage Rate of 0%. By virtue of your signature on the contract, you agreed to repay the amount financed by making 72 monthly payments of $354.52 on the 13th of each month, until the balance is paid in full.

Our records further show 45 of the required 72 payments have been received and applied to the amount financed. The payment due July 13, 2007, was not received until July 31, 2007, 18 days past due. In accordance with the terms of the contract, a late charge of $15.00 was assessed when the payment was 10 days past due. This late fee was paid on August 14, 2007, when a payment of $369.72 was received. A Statement of Account, detailing the payment history, has been sent under separate cover for your review.

The amount financed ($25,525.76) less the 45 payments of $354.52, ($15,953.40) received and applied toward the amount financed, leaves a current balance for your account of $9,572.36. The next payment is due on July 13, 2010. No derogatory information has been reported to the credit bureaus with regard to this account.

Thank you for writing and allowing me the opportunity to provide this information.

Sincerely,

Laurie Dunlop
Executive Analyst - Ford Credit

FCUS                                                                    ACCOUNT NUMBER:   0000041346505

Ford Credit
P.O. Box 64400
Colorado Springs, CO  80962-4400


JUNE     09, 2011

TIMOTHY P HARRIS
4005 CHEROKEE ROSE AVE.
N. LAS VEGAS, NV  89031


ACCOUNT NUMBER:    0000041346505

YEAR: 2006  MAKE:   FORD     MODEL:  MUSTG
VIN:             1ZVFT80N465204868

DEAR CUSTOMER:
BELOW IS THE ITEMIZED HISTORY OF YOUR ACCOUNT BEGINNING WITH THE CONTRACT DATE
OF 08/29/06 AND REFLECTING ACTIVITY THROUGH 06/09/11.

****************************************************************************
                      CURRENT ACCOUNT STATUS

|  |  | NUM |  |  | LATE | LATE | OTHER | OTHER |
| CURR | | PWTS | | CURRENT | CHARGES | CHARGES | FEES | FEES |
| DATE | DUE DATE | REM | BALANCE | AMT DUE | ASSESSED | DUE | ASSESSED | DUE |
| 0.00 | 12319999 | 0 | 0.00 | 0.00 | 120.00 | 0.00 | 25.00 | 0.00 |

****************************************************************************

| INVOICE | TRANS | DAYS | TRANSACTION | --------- | TRAN DESCRIPTION | --------- | PRINCIPAL |
| DUE DATE | DATE | LATE | AMOUNT | PRINCIPAL | INTEREST | FEES | BALANCE |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  | 08/29/06 |  | 22451.76 | CONTRACT AMOUNT |  |  | 25525.76 |
| 10/13/06 | 10/02/06 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 25171.24 |
| 11/13/06 | 10/17/06 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 24816.72 |
| 12/13/06 | 12/12/06 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 24462.20 |
| 01/13/07 | 01/09/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 24107.68 |
| 02/13/07 | 02/08/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 23753.16 |
| 03/13/07 | 03/14/07 | 1 | 354.52 | 354.52 | 0.00 | 0.00 | 23398.64 |
| 04/13/07 | 04/17/07 | 4 | 354.52 | 354.52 | 0.00 | 0.00 | 23044.12 |
| 05/13/07 | 05/16/07 | 3 | 354.52 | 354.52 | 0.00 | 0.00 | 22689.60 |

FCUS                                                                 ACCOUNT NUMBER:   00000041346505

JUNE    09, 2011

TIMOTHY P HARRIS
4005 CHEROKEE ROSE AVE.
N. LAS VEGAS, NV  89031

| INVOICE DUE DATE | TRANS DATE | DAYS LATE | TRANSACTION AMOUNT | PRINCIPAL | INTEREST | FEES | PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|---|
| 06/13/07 | 06/18/07 | 5 | 354.52 | 354.52 | 0.00 | 0.00 | 22335.08 |
| | 07/23/07 | | 15.00 | FEE ASSESSMENT | | | |
| 07/13/07 | 07/31/07 | 18 | 354.52 | 354.52 | 0.00 | 0.00 | 21980.56 |
| 08/13/07 | 08/14/07 | 1 | 369.52 | 354.52 | 0.00 | 15.00 | 21626.04 |
| 09/13/07 | 08/29/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 21271.52 |
| 10/13/07 | 10/04/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 20917.00 |
| 11/13/07 | 11/15/07 | 2 | 354.52 | 354.52 | 0.00 | 0.00 | 20562.48 |
| 12/13/07 | 11/30/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 20207.96 |
| 01/13/08 | 12/27/07 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 19853.44 |
| 02/13/08 | 02/04/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 19498.92 |
| 03/13/08 | 03/03/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 19144.40 |
| 04/13/08 | 04/17/08 | 4 | 354.52 | 354.52 | 0.00 | 0.00 | 18789.88 |
| 05/13/08 | 05/13/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 18435.36 |
| 06/13/08 | 05/27/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 18080.84 |
| 07/13/08 | 06/16/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 17726.32 |
| 08/13/08 | 07/25/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 17371.80 |
| 09/13/08 | 09/04/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 17017.28 |
| 10/13/08 | 10/13/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 16662.76 |
| 11/13/08 | 11/13/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 16308.24 |
| 12/13/08 | 12/13/08 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 15953.72 |
| 01/13/09 | 01/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 15599.20 |

FCUS                                                          ACCOUNT NUMBER:  00000041346505

JUNE      09, 2011

TIMOTHY P HARRIS
4005 CHEROKEE ROSE AVE.
N. LAS VEGAS, NV  89031

| INVOICE DUE DATE | TRANS DATE | DAYS LATE | TRANSACTION AMOUNT | PRINCIPAL | INTEREST | FEES | PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|---|
| 02/13/09 | 02/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 15249.68 |
| 03/13/09 | 03/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 14890.16 |
| 04/13/09 | 04/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 14535.64 |
| 05/13/09 | 05/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 14181.12 |
| 06/13/09 | 06/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 13826.60 |
| 07/13/09 | 07/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 13472.08 |
| 08/13/09 | 08/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 13117.56 |
| 09/13/09 | 09/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 12763.04 |
| 10/13/09 | 10/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 12408.52 |
| 11/13/09 | 11/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 12054.00 |
| 12/13/09 | 12/13/09 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 11699.48 |
| 01/13/10 | 01/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 11344.96 |
| 02/13/10 | 02/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 10990.44 |
| 03/13/10 | 03/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 10635.92 |
| 04/13/10 | 04/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 10281.40 |
| 05/13/10 | 05/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 9926.88 |
| 06/13/10 | 06/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 9572.36 |
| 07/13/10 | 07/13/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 9217.84 |
| 08/13/10 | 08/19/10 | 6 | 354.52 | 354.52 | 0.00 | 0.00 | 8863.32 |
|  | 09/23/10 |  | 15.00 | FEE ASSESSMENT |  |  | 8863.32 |
| 09/13/10 | 10/14/10 | 31 | 354.52 | 354.52 | 0.00 | 0.00 | 8508.80 |

FCUS                                                              ACCOUNT NUMBER:   00000041346505

JUNE     09, 2011

TIMOTHY P HARRIS
4005 CHEROKEE ROSE AVE.
N. LAS VEGAS, NV  89031

| INVOICE DUE DATE | TRANS DATE | DAYS LATE | TRANSACTION AMOUNT | PRINCIPAL | INTEREST | FEES | PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|---|
| | 10/25/10 | | 15.00 | FEE ASSESSMENT | | | 8508.80 |
| | 11/23/10 | | 15.00 | FEE ASSESSMENT | | | 8508.80 |
| 10/13/10 | 12/07/10 | 55 | 354.52 | 354.52 | 0.00 | 0.00 | 8154.28 |
| | 12/21/10 | | | EXTENSION | | | 8156.28 |
| | 12/21/10 | | 25.00 | FEE ASSESSMENT | | | 8154.28 |
| 01/13/11 | 12/23/10 | 0 | 354.52 | 354.52 | 0.00 | 0.00 | 7799.76 |
| | 02/23/11 | | 15.00 | FEE ASSESSMENT | | | 7799.76 |
| 02/13/11 | 03/02/11 | 17 | 354.52 | 354.52 | 0.00 | 0.00 | 7445.24 |
| | 03/23/11 | | 15.00 | FEE ASSESSMENT | | | 7445.24 |
| | 04/25/11 | | 15.00 | FEE ASSESSMENT | | | 7445.24 |
| | 05/23/11 | | 15.00 | FEE ASSESSMENT | | | 7445.24 |
| | 06/08/11 | | 23.93 | DECR UNEARNED | | | 7445.24 |
| | 06/08/11 | | 98.89 | DECR UNEARNED | | | 7445.24 |
| | 06/08/11 | | 118.54 | PRINCIPAL PAYMENT | | | 7326.70 |
| | 06/09/11 | | 7466.70 | CHARGEOFF | | | 0.00 |
| | 06/09/11 | | 1.33 | DECR UNEARNED | | | 0.00 |
| | 06/09/11 | | 6.24 | DECR UNEARNED | | | 0.00 |

# PE-THFMC-005

# PE-THFMC-005



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ford Credit
c/o Correspondence
P.O. Box 542000
Omaha, NE 68154-8000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
John A. Bequette

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☒ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)    7009 3410 0001 0346 7858

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OMAHA NE 68154

| | |
|---|---|
| Postage | $ 0.44 | 0094 |
| Certified Fee | $2.80 | 11 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | JUN 17 2010 |
| Total Postage & Fees | $ 5.54 | 06/17/2010 |

Sent To    Ford Credit
Street, Apt. No.; or PO Box No.  c/o Correspondence  P.O. Box 542000
City, State, ZIP+4    Omaha, NE 68154-8000

PS Form 3800, August 2006    See Reverse for Instructions

7009 3410 0001 0346 7858

PDF processed with CutePDF evaluation edition www.CutePDF.com

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ford Credit
P.O. Box 7172
Pasadena, CA 91109-7172

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  MELLON FINANCIAL SERVICES ☐ Agent
   Los Angeles                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   Regional Lockbox Site

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

   JUL 1 6 2010

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7009 3410 0001 0346 8176

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

PASADENA CA 91109

| | | |
|---|---|---|
| Postage | $ $0.44 | 0094 |
| Certified Fee | $2.80 | 11  Postmark |
| Return Receipt Fee (Endorsement Required) | $2.30 | Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | JUN 22 2010 |
| Total Postage & Fees | $ $5.54 | 06/22/2010 |

Sent To  Ford Credit
Street, Apt. No.; or PO Box No.  P.O. Box 7172
City, State, ZIP+4  Pasadena, CA 91109-7172

PS Form 3800, August 2006   See Reverse for Instructions

7009 3410 0001 0346 8176

# PE-THFMC-006

# PE-THFMC-006

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union
P.O. Box 1000
Chester, PA 19022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  TransUnion LLC  ☐ Agent
☐ Addressee

B. Received by ( Printed Name)  C. Date of Delivery

JUL 1 2 2010

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7009 3410 0001 0346 8169

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

CROM LYNNE PA 19022

| | | |
|---|---|---|
| Postage | $ $0.44 | 0094 |
| Certified Fee | $2.80 | 07 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 07/07/2010 |

Sent To
Trans Union - FMC
Street, Apt. No.; or PO Box No.
P.O. Box 1000
City, State, ZIP+4
Chester, PA 19022

PS Form 3800, August 2006  See Reverse for Instructions

7009 3410 0001 0346 8169

# PE-THFMC-007

# PE-THFMC-007

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
P.O. Box 2002
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7009 3410 0001 0346 8145

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.44 | 0094 |
| Certified Fee | $2.80 | 07 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 07/07/2010 |

Sent To Experian - FMC
Street, Apt. No.; or PO Box No. P.O. Box 2002
City, State, ZIP+4 Allen, TX 75013

PS Form 3800, August 2006 See Reverse for Instructions

7009 3410 0001 0346 8145

# PE-THFMC-008

# PE-THFMC-008

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

E quifax
P.O. Box 740241
Atlanta, GA 30374

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

JUL 1 0 2010

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 3410 0001 0346 8152

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

ATLANTA GA 30374

| | | |
|---|---|---|
| Postage | $ | $0.44 | .0094 |
| Certified Fee | | $2.80 | 07 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.54 | 07/07/2010 |

Sent To   Equifax · FMC

Street, Apt. No.; or PO Box No.   P.O. Box 74024)

City, State, ZIP+4   Atlanta, GA 30374

PS Form 3800, August 2006      See Reverse for Instructions

7009 3410 0001 0346 8152

# PE-THFMC-009

# PE-THFMC-009



**Payment Status:**

**Comments:**

**24-Month Payment History**

| Date: | Sep 08 | Oct 08 | Nov 08 | Dec 08 | Jan 09 | Feb 09 | Mar 09 | Apr 09 | May 09 | Jun 09 | Jul 09 | Aug 09 | Sep 09 | Oct 09 | Nov 09 | Dec 09 | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | Jul 10 | Aug 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Experian:** | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | 30 |
| **Equifax:** | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | |
| **TransUnion:** | | | | | | | | | | | | | | | | | | | | | | | | |

**FORD CRED**

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| **Account Name:** | FORD CRED | FMCC | |
| **Account Number:** | 4134XXXX | 4134XXXX | |
| **Account Type:** | Installment | Installment | |
| **Account Status:** | Open | Open | |
| **Monthly Payment:** | $354 | $354 | |
| **Date Opened:** | 08/2006 | 08/2006 | |
| **Balance:** | $9,217 | $9,217 | |
| **Terms:** | 72 | | |
| **High Balance:** | $25,525 | $25,525 | |
| **Limit:** | - | - | |
| **Past Due:** | - | - | |
| **Payment Status:** | Current | Current | |
| **Comments:** | | | |

**24-Month Payment History**

| Date: | Sep 08 | Oct 08 | Nov 08 | Dec 08 | Jan 09 | Feb 09 | Mar 09 | Apr 09 | May 09 | Jun 09 | Jul 09 | Aug 09 | Sep 09 | Oct 09 | Nov 09 | Dec 09 | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | Jul 10 | Aug 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Experian:** | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| **Equifax:** | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| **TransUnion:** | | | | | | | | | | | | | | | | | | | | | | | | |



| | Experian | Equifax | TransUnion |
|---|---|---|---|
| **Account Name:** | | | |
| **Account Number:** | | | |
| **Account Type:** | | | |
| **Account Status:** | | | |
| **Monthly Payment:** | | | |
| **Date Opened:** | | | |
| **Balance:** | | | |
| **Terms:** | | | |
| **High Balance:** | | | |
| **Limit:** | | | |
| **Past Due:** | | | |
| **Payment Status:** | | | |



8/25/2010 8:45 AM

# PE-THFMC-010

# PE-THFMC-010

| | | | |
|---|---|---|---|
| Balance: | | | |
| Terms: | | | |
| High Balance: | | | |
| Limit: | | | |
| Past Due: | | | |
| Payment Status: | | | |
| Comments: | | | |

**24- Month Payment History**

| Date: | May 09 | Jun 09 | Jul 09 | Aug 09 | Sep 09 | Oct 09 | Nov 09 | Dec 09 | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | Jul 10 | Aug 10 | Sep 10 | Oct 10 | Nov 10 | Dec 10 | Jan 11 | Feb 11 | Mar 11 | Apr 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| Equifax: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| TransUnion: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

## FRD MOTOR CR

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | FORD CRED | FMCC | FRD MOTOR CR |
| Account Number: | 4134XXXX | 4134XXXX | 4134XXXX |
| Account Type: | Installment | Installment | Installment |
| Account Status: | Open | Open | Open |
| Monthly Payment: | $354 | $354 | $354 |
| Date Opened: | 08/2006 | 08/2006 | 08/2006 |
| Balance: | $7,545 | $7,545 | $7,545 |
| Terms: | 74 | | 74 |
| High Balance: | $25,525 | $25,525 | $25,525 |
| Limit: | - | - | - |
| Past Due: | $354 | $354 | $354 |
| Payment Status: | 30 Days Late | 30 Days Late | 30 Days Late |
| Comments: | | | Auto |

**24- Month Payment History**

| Date: | May 09 | Jun 09 | Jul 09 | Aug 09 | Sep 09 | Oct 09 | Nov 09 | Dec 09 | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | Jul 10 | Aug 10 | Sep 10 | Oct 10 | Nov 10 | Dec 10 | Jan 11 | Feb 11 | Mar 11 | Apr 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | OK | OK | OK | OK | 30 |
| Equifax: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | OK | OK | OK | OK | 30 |
| TransUnion: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | OK | OK | OK | OK | 30 |



| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | | | |
| Account Number: | | | |
| Account Type: | | | |
| Account Status: | | | |
| Monthly Payment: | | | |
| Date Opened: | | | |
| Balance: | | | |
| Terms: | | | |
| High Balance: | | | |





# PE-THFMC-011

# PE-THFMC-011

| | | | |
|---|---|---|---|
| Current: | | | |
| Closed: | | | |
| Derogatory Summary: | | | |
| Inquiries: | | | |
| Public Records: | | | |
| Collections Accounts: | | | |
| Current Delinquencies: | | | |
| Prior Delinquencies: | | | |

## Account History

Below is information on any accounts you may have opened in the past. Accounts that are paid as agreed can remain on your report for up to 10 years from the date of last activity. Typically, a consumer reporting agency will not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.



| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | | | |
| Account Number: | | | |
| Account Type: | | | |
| Account Status: | | | |
| Monthly Payment: | | | |
| Date Opened: | | | |
| Balance: | | | |
| Terms: | | | |
| High Balance: | | | |
| Limit: | | | |
| Past Due: | | | |
| Payment Status: | | | |
| Comments: | | | |

### 24- Month Payment History

| Date: | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 09 | 09 | 09 | 09 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 |
| Experian: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | 60 | 90 | 120 | 150 | 180 | 180 | CO | CO |
| Equifax: | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion: | | | | | | | | | | | | | | | | | | | | | | | | |

**FRD MOTOR CR**

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | FORD CRED | FMCC | FRD MOTOR CR |
| Account Number: | 4134XXXX | 4134XXXX | 4134XXXX |
| Account Type: | Installment | Installment | Installment |
| Account Status: | Open | UnPaid | UnPaid |
| Monthly Payment: | - | - | $0 |

| | | | |
|---|---|---|---|
| Date Opened: | 08/2006 | 08/2006 | 08/2006 |
| Balance: | $7,456 | $7,456 | $7,456 |
| Terms: | 74 | | 74 |
| High Balance: | $25,525 | $7,456 | $25,525 |
| Limit: | - | - | - |
| Past Due: | $7,456 | $7,456 | $7,456 |
| Payment Status: | 30 Days Late | Chargeoff or Collection | Chargeoff or Collection |
| Comments: | | | Auto |
| | | | Profit and loss writeoff |

**24- Month Payment History**

| Date: | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 09 | 09 | 09 | 09 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 |
| Experian: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | CO | ND | CO |
| Equifax: | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | OK | OK | OK | OK | 30 | 60 | OK | OK | | | |
| TransUnion: | | | | | | | | | | | | | | | | | | | | | | | | |

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | | | |
| Account Number: | | | |
| Account Type: | | | |
| Account Status: | | | |
| Monthly Payment: | | | |
| Date Opened: | | | |
| Balance: | | | |
| Terms: | | | |
| High Balance: | | | |
| Limit: | | | |
| Past Due: | | | |
| Payment Status: | | | |
| Comments: | | | |

**24- Month Payment History**

| Date: | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 09 | 09 | 09 | 09 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 |
| Experian: | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax: | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion: | | | | | | | | | | | | | | | | | | | | | | OK | OK | |

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | | | |
| Account Number: | | | |
| Account Type: | | | |
| Account Status: | | | |
| Monthly Payment: | | | |
| Date Opened: | | | |
| Balance: | | | |

9/13/2011 3:22 PM