KENT R. ROBISON, ESQ.
Nevada State Bar No. 1167
Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, Nevada 89503
Telephone:   (775) 329-3151
Facsimile:   (775) 329-7169

Attorneys for Crisis Collections Management, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

TIMOTHY HARRIS, Pro Se

    Plaintiff,

vs.

CRISIS COLLECTIONS MANAGEMENT, LLC; FORD MOTOR COMPANY dba FORD MOTOR CREDIT COMPANY; and DOES 1-10,

    Defendants,
_____/

CASE NO: 2:11-CV-01490-RCJ-CWH

### CRISIS COLLECTIONS MANAGEMENT LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S REVISED COMPLAINT IN RESPONSE TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Defendant Crisis Collections Management LLC ("CMC"), through Kent R. Robison of Robison, Belaustegui, Sharp & Low, moves to dismiss Plaintiff's Amended Complaint (Doc. # 3) and moves to strike Plaintiff's Revised Complaint in Response to Defendant's Motion to Dismiss or in the Alternative a Motion for More Definite Statement (Doc. # 12). These motions are joined in accordance with Federal Rules of Civil Procedure 12(g)(1), and are made pursuant to Rule 12(b)(6), 12(e), and 12(f). The motions are grounded on the facts that (1) Plaintiff Timothy Harris's Amended Complaint is deficient for the same reasons set forth in CMC's Motion to Dismiss Complaint or, in the Alternative, Motion for More Definite Statement (Doc. # 5), *i.e.*, for failure to comport with Rule 10(b); and (2) Harris's "Revised Complaint" is an

improper and fugitive document that should be stricken. This motion is based on the following Memorandum of Points and Authorities, and the pleadings and papers on file herein.

DATED:     This 4th day of November, 2011.

ROBISON, BELAUSTEGUI, SHARP & LOW  
A Professional Corporation  
71 Washington Street  
Reno, Nevada 89503

_____  
KENT R. ROBISON  
Attorneys for Defendant  
Crisis Collections Management, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   MOTION TO DISMISS AMENDED COMPLAINT (DOC. # 3)

This motion is made to dismiss Plaintiff's Amended Complaint or, in the alternative, to require Harris to provide a more definite statement. CCM's previously filed Motion to Dismiss or, In the Alternative Motion for a More Definite Statement (Doc. # 5) is moot as Plaintiff's original Complaint is superceded by the filing of his Amended Complaint (Doc. # 3). CCM is now aware of Plaintiff's recent filing of the Amended Complaint and files the instant motion to address the operative, Amended Complaint (Doc. # 3).

The only difference between Harris's initial Complaint and his Amended Complaint is his naming of Ford Credit dba Ford Motor Credit Company in the placed of previously named Ford Motor Company. *Compare* Doc. # 1 *with* Doc. # 3. Accordingly, CMC moves to dismiss Harris's Amended Complaint for the same reasons set forth in its motion to dismiss Harris's initial Complaint. The argument supporting dismissal or requiring that Harris provide a more definite statement, as previously argued, is as follows:

Harris's Amended Complaint (Doc. # 3) violates Federal Rule of Civil Procedure 10. Rule 10(b) provides that a party must state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. As far as practicable, a party should set forth each

distinct allegation of fact in a separate paragraph and each paragraph should be numbered. *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 234 (E.D. N.Y. 1999). The purpose of this requirement is to ensure a pleading that is easily understood by both the opponent and the court. *Allum v. Life Ins. Co. of North America*, 267 F.R.D. 407, 409 (N.D. Ga. 2009). The Amended Complaint as drafted is not understandable.

Harris's Amended Complaint consists of a series of unnumbered paragraphs stating general conclusions and arguments. *See generally* Doc. # 3. None of the paragraphs are numbered. *See id.* CCM therefore cannot comply with Federal Rule of Civil Procedure 8. Rule 8(b)(1)(A) requires a defendant to respond to a plaintiff's allegations in short and plain terms "to each claim asserted" against it. Further, CCM is required to admit or deny the "allegations" asserted against by Plaintiff. Fed. R. Civ. P. 8(b)(1)(B). Harris's Amended Complaint (Doc. # 3), consisting of a series of unnumbered paragraphs, generalities, and legal arguments, makes it impossible for CCM to draft a comprehensive and competent responsive pleading.

Also, while improper paragraph numbering will not defeat a pleading, it will when the violations interfere with the ability to understand the claims or otherwise cause prejudice. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). When a party's pleading provides insufficient notice of the claims because of its confusing structure, absence of numbered paragraphs, or the improper combination of multiple claims in a single count, the opposing party may move for a more definite statement, dismissal, or to strike the pleading. *Corbitt v. Home Depot USA, Inc.*, 573 F.3d 1223 (11th Cir. 2009), *Giles v. WalMart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009).

For the reasons stated, CCM respectfully requests that this honorable Court either dismiss Harris's Amended Complaint without prejudice or, in the alternative, enter an order requiring Harris to plead in accordance with Rule 10 and number each and every paragraph so that a responsive pleading can be comprehensively and intelligently submitted.

///

///

///

Robison, Belaustegui,
Sharp & Low
71 Washington Street
Reno, Nevada 89503
(775) 329-3151

## II. MOTION TO STRIKE REVISED COMPLAINT IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT (DOC. # 12)

Apparently, in attempt to cure the defects of Harris' Amended Complaint, Harris filed a document entitled, "Revised Complaint in Response to Defendant's Motion to Dismiss or In the Alternative a Motion for A More Definite Statement" (Doc. # 12). The "Revised Complaint" is improper and an Order striking the fugitive document is warranted pursuant to Federal Rule of Civil Procedure 12(f).

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court has authority under Rule 12(f) "to strike a pleading in whole or in part," so long as the motion to strike is timely. *Culinary & Serv. Employees Union v. Hawai'i Employee Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982). "An entire pleading may be stricken where all of it is immaterial, redundant or in gross violation" of the Rules of Civil Procedure. *Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1257 (D.C. N.Y. 1969) (citing 2A J. Moore, Federal Practice P., 12.21, at 2316 (2d ed. 1968)). Thus, it is proper for a court to strike a document "which technically fails to conform to the rule[s]." *U.S. v. W. Elec. Co.*, 337 F.2d 568, 574 n.19 (9th Cir. 1974) (internal quotations and citation omitted).

In the instant case, Harris's "Revised Complaint" fails to conform to any Rule of Civil Procedure or local rule and should be stricken as a result. As an initial matter, Rule 7, governing pleadings allowed, does not contemplate "Revised" pleadings. Nor does any other Federal Rule of Civil Procedure contemplate "revised" pleadings or papers. Accordingly, Harris's "Revised Complaint" is not cognizable under the Rules of Civil Procedure and must be stricken. *See* Fed. R. Civ. P. 12(f).

And, even if the document was legally cognizable, it should nevertheless be dismissed due to Harris's failure to comply with Federal Rule of Civil Procedure 15(a)(2) and seek leave to amend. Rule 15(a)(1) provides that "[a] party may amend its pleading *once* as a matter of course within . . .[,] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

whichever is earlier." (emphasis added). If the party has already amended its pleading once as a matter of course, the party "may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added).

A party seeking to obtain leave from the court to amend its pleading under Rule 15(a)(2) before this Court must do so in accordance with Local Rule 15-1, governing Amended Pleadings. Local Rule 15-1 reads:

> (a) Unless otherwise permitted by the court, the moving party *shall attach the proposed amended pleading to any motion to amend* so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to in such pleading.
>
> (b) *After the court has filed its order granting permission to amend,* the moving party shall file and service the amended pleading.

(Emphasis added). The failure to move to amend and attach the proposed amended pleading to the motion alone requires the court to deny a party's motion to amend. *U.S. v. 3 Parcels in La Plata County*, 919 F. Supp. 1449, 1457 (D. Nev. 1995).

Harris filed his initial Complaint on September 15, 2011. *See* Doc. # 1. Thereafter, Harris filed his Amended Complaint on September 29, 2011. *See* Doc. # 3. Harris's Amended Complaint was permissibly filed as a matter of course under Rule 15(a)(1). However, without seeking leave to amend his Amended Complaint, Harris filed a "Revised Complaint" on October 27, 2011. *See* Doc. # 12. Harris did not seek leave to amend his Amended Complaint as required by Rule 15(a)(2), and did not follow the procedure outlined in Local Rule 15-1. These failures warrant dismissal of Harris's "Revised Complaint." *See, e.g., 3 Parcels in La Plata County*, 919 F. Supp. at 1457 (discussed *supra*); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) (stating, "The plaintiffs' oral request to add a wrongful foreclosure claim was procedurally improper and substantively unsupported. The district court's local rules require the plaintiffs to submit a copy of the proposed amended pleadings along with a motion for leave to amend. *See* D. Ariz. Civ. L.R. 15.1. The plaintiffs failed to do so."); *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (concluding that the district court did not abuse its discretion by denying leave to amend where the party seeking leave failed to attach a

Robison, Belaustegui,
Sharp & Low
71 Washington Street
Reno, Nevada 89503
(775) 329-3151

proposed amended complaint in violation of local rules and failed to articulate a factual and legal basis for amendment).

Moreover, a litigant's pro se status does not excuse him or her from reading the Federal Rules of Civil Procedure: a pro se litigant is not excused from knowing the most basic pleading requirements. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000). Although the court should construe pleadings liberally in their favor, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)) (holding that where the pro se litigant did not follow the rules of procedure, his case was properly dismissed). Likewise, a pro se litigant's "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Id.* at 53. Thus, regardless of Harris's pro se status, he is required to know the Federal Rules of Civil Procedure and abide by them. Harris has failed to do so.[1] The failure to require Harris to know and abide by the Rules will almost certainly result in more of a procedural quagmire than that which already exists, thus causing additional time and expenditures by the defendants and the judiciary.

For the foregoing reasons, CMC respectfully requests that this Court dismiss Harris's Amended Complaint or require Harris to provide a more definite statement, and strike Harris's "Revised Complaint." In the alternative, CMC requests that this Court enter its order dismissing

---

[1] And, while Harris has attempted to cure his deficient Amended Complaint by filing the "Revised" Complaint, the Revised Complaint nevertheless also remains deficient under Federal Rule of Civil Procedure 10(b). Harris merely inserted numbers before his headings entitled, "Jurisdiction and Venue," "Preliminary Statement," "Introduction for Cause of Action Against Defendant," "Defendant [sic] Violations of the FDCPA," and "Co-Defendant [sic] Violations of the FCRA." *Id.* at 2, 3, 5, 10. In between these five numbered headings are 17 pages of "allegations." *See generally* Doc. # 12. As such, Harris's improper, Revised Complaint still violates Rule 10(b) and, as stated above, his pro per status does not relieve him of his duty to know and follow the Rules of Civil Procedure. Harris is required to conduct at least minimal due diligence to determine the proper way to structure his Complaint, which does not require an understanding of complex law. Thus, Harris's amendment of his Amended Complaint would have nevertheless been futile. *See Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir.1991) ("Leave to amend may be denied if the amendment would be futile, or where the amended complaint would be subject to dismissal.").

both the Amended Complaint and the Revised Complaint.

DATED:     This 4th day of November, 2011.

>ROBISON, BELAUSTEGUI, SHARP & LOW
>A Professional Corporation
>71 Washington Street
>Reno, Nevada 89503
>
>_____
>KENT R. ROBISON
>Attorneys for Defendant
>Crisis Collections Management, LLC

J:\WPData\Krr\1236.001\P-Motion to Dismiss Am. Compl. Motion to Strike Revised Complaint.11-02-11.wpd

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of ROBISON, BELAUSTEGUI, SHARP & LOW, and that on this date I caused to be served a true copy of the **CRISIS COLLECTIONS MANAGEMENT LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S REVISED COMPLAINT IN RESPONSE TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT** on all parties to this action by the method indicated below:

✓  by placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada, addressed to:

TIMOTHY HARRIS
4005 Cherokee Rose Avenue
North Las Vegas, NV 89031

*Plaintiff pro se*

✓  by using the Court's CM/ECF electronic service system addressed to:

TIMOTHY HARRIS
4005 Cherokee Rose Avenue
North Las Vegas, NV 89031
Email: extremeps1@cox.net
*Plaintiff pro se*

GARY E. SCHNITZER, ESQ.
JORDAN P. SCHNITZER, ESQ.
Kravitz, Schnitzer, Sloane & Johnson, Chtd.
8985 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
Facsimile:    (702) 362-2203
Email: gschnitzer@kssattorneys.com
         jschnitzer@kssattorneys.com

_____  by personal delivery/hand delivery

_____  by facsimile (fax)

_____  by Federal Express/UPS or other overnight delivery

DATED: This 4th day of November, 2011.

*[signature]*