**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TIMOTHY HARRIS,                                )
                                               )
              Plaintiff,                       )
                                               )
       v.                                      )        2:11-cv-1490-RCJ-CWH
                                               )
CRISIS COLLECTIONS MANAGEMENT,                 )        **ORDER**
LLC, et al.,                                   )
                                               )
              Defendants.                      )
                                               )
_____

Currently before the Court are three Motions to Dismiss (#5, 9, 13), two Motions to Strike (#16, 30); and one Motion to Extend Time to Respond (#21). The Court heard oral argument on March 9, 2012.

## BACKGROUND

### I.     Procedural History

On September 15, 2011, *pro se* Plaintiff Timothy Harris filed a complaint in this Court. (Compl. (#1)). On September 29, 2011, Plaintiff filed an amended complaint, the operative complaint, against Defendants Crisis Collections Management, LLC ("Crisis Collections") and Ford Credit dba Ford Motor Credit Company ("Ford Credit"). (Amended Compl. (#3)). On October 10, 2011, Crisis Collections filed a motion to dismiss the original complaint filed on September 15th. (Mot. to Dismiss (#5)).[1] In addition to filing a response to the October 10th motion to dismiss, Plaintiff also filed a "revised complaint" on October 27, 2011. (*See* Opp'n

---

[1]   In a subsequent motion to dismiss, Crisis Collections stated that its October 10th motion to dismiss was moot because it addressed the original complaint. (Mot. to Dismiss (#13) at 2). Because Crisis Collections admits that its first motion to dismiss addressed an older complaint, the Court DENIES the first motion to dismiss (#5) as moot.

to Mot. to Dismiss (#11); Revised Complaint (#12)).  On December 2, 2011, Plaintiff filed a proposed Third Amended Complaint ("TAC").  (TAC (#24)).  Various motions to dismiss and motions to strike now follow.

## II.    Amended Complaint

In the amended complaint, Plaintiff alleged the following.  Defendant Crisis Collections was a third party debt collector.  (Amended Compl. (#3) at 2).  Defendant Ford Credit was a credit lender and furnished information to the credit reporting agencies.  (*Id.*).  Crisis Collections had violated the Fair Debt Collection Practices Act ("FDCPA") because it continued collection activity without providing proof of an alleged account, overshadowed collection activity without providing proof of an alleged account, and failed to provide proof of the alleged account.  (*Id.* at 3).  Ford Credit violated the Fair Credit Reporting Act ("FCRA") because it had reported erroneous and inaccurate information in Plaintiff's credit report, failed to mark Plaintiff's accounts in dispute, and engaged in willful, negligent non-compliance.  (*Id.*).

The amended complaint alleged the following facts.  (*Id.*).  On July 15, 2011, Plaintiff received a letter in the mail from Crisis Collections that an "alleged debt" was owed.  (*Id.*).  On July 28, 2011, Plaintiff sent a letter of validation to Crisis Collections.  (*Id.*).  Crisis Collections failed to validate the alleged debt.  (*Id.*).  On August 4, 2011, Crisis Collections sent a second letter to Plaintiff and demanded payment even though Crisis Collections had not "provided any proper, legal proof of any alleged debt or alleged account."  (*Id.*).  During this period, Plaintiff was within his 30-day validation period permitted by the FDCPA.  (*Id.*).  Crisis Collections also filed a collections lawsuit against Plaintiff in the North Las Vegas Justice Court during the 30-day validation period.  (*Id.*).  Crisis Collections sent a letter with the summons asking Plaintiff to call them in order to discuss settlement.  (*Id.*).  The letter stated that its client was willing to offer a discounted lump sum offer in order to settle.  (*Id.* at 4).   The accounting statement, used as evidence of the debt, was not a legal validation of the debt because it had showed a "zero balance" and the debt had been "charged off."  (*Id.*).  The only legal validation of a debt was the presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account under penalty of perjury.  (*Id.*).

2

The complaint alleged the following. (*Id.*). On June 1, 2010, Plaintiff had requested copies of his credit report from Trans Union, Experian, and Equifax. (*Id.*). Upon review of those reports, Plaintiff found that Ford Credit was "reporting erroneous, inaccurate and derogatory information" in his credit reports. (*Id.*). On June 17 and 22, 2010, Plaintiff wrote Ford Credit letters disputing the information in his credit report. (*Id.*). Plaintiff contacted the credit reporting agencies and disputed the erroneous and inaccurate information. (*Id.* at 4-5). The credit reporting agencies stated that they were "reporting the information correctly" as reported by Ford Credit. (*Id.* at 5). Ford Credit has been reporting erroneous and inaccurate information in Plaintiff's credit reports since June 2010. (*Id.*). Ford Credit has not provided any legal proof of any alleged account against Plaintiff. (*Id.*).

The complaint alleged three counts against Crisis Collections under the FDCPA. (*Id.*). In the first count, Plaintiff alleged that Crisis Collections had failed to "validate the alleged debt/account" by July 15, 2011, in violation of 15 U.S.C. § 1692g. (*Id.*). In the second count, Plaintiff alleged that Crisis Collections had violated the FDCPA because it had "continued collection activity and overshadowing" by sending Plaintiff a letter demanding payment without legal proof of the alleged debt during the 30-day validation period, in violation of 15 U.S.C. § 1692g. (*Id.* at 6-7). In the third count, Plaintiff alleged "continued collection activity and overshadowing" because Crisis Collections filed a lawsuit within the 30-day validation period, in violation of 15 U.S.C. § 1692g. (*Id.* at 7). Plaintiff sought $50,000 in punitive damages, $5,000 for Crisis Collections' FDCPA violations, and reasonable attorney's fees. (*Id.* at 8).

The complaint alleged five counts against Ford Credit under the FCRA. (*Id.* at 8). In the first count, Plaintiff recited the statute for civil liability for willful noncompliance, 15 U.S.C. § 1681n, but made no factual allegations. (*Id.* at 8-9). In the second count, Plaintiff recited the statute for civil liability for negligent noncompliance, 15 U.S.C. § 1681o, but made no factual allegations. (*Id.* at 9). In the third count, Plaintiff alleged that Ford Credit had damaged his credit score, credit report, and his character by saying that he did not pay his bills. (*Id.* at 10). Plaintiff recited the statute for responsibilities of furnishers of information to consumer reporting agencies, 15 U.S.C. § 1681s-2(a). (*Id.* at 10-11). In the fourth count, Plaintiff alleged

that Ford Credit had failed to indicate to the credit reporting agencies that Plaintiff's alleged account was in dispute.  (*Id.* at 11).  Plaintiff recited the statute for responsibilities of furnishers of information to consumer reporting agencies, 15 U.S.C. § 1681s-2(a).  (*Id.* at 12).  In the fifth count, Plaintiff recited the statute for debt collector communications concerning identity theft, 15 U.S.C. § 1681m(g).  (*Id.* at 13).  Plaintiff sought $4,752,000 for Ford Credit's FCRA violations and punitive damages in the amount of $100,000.  (*Id.* at 14).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss.  However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Even though a complaint does not need "detailed factual

4

1
2
3
4
5
6
7

allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

8
9
10
11
12
13
14
15

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*,  371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

16

**DISCUSSION**

17

**I.    Motion to Strike (#16)**

18
19
20
21
22

Crisis Collections filed a motion to strike Plaintiff's revised complaint.  (Mot. to Strike (#16) at 1).[2]  Crisis Collections argues that Federal Rule of Civil Procedure 7 does not permit "revised" pleadings.  (*Id.* at 4).  Crisis Collections also asserts that, even if the revised complaint was cognizable, it fails to comply with Federal Rule of Civil Procedure 15(a)(2). (*Id.*).

23
24

In response, Plaintiff appears to argue that because he is *pro se* he should not be held to the same standards as an attorney.  (Opp'n to Mot. to Strike (#22) at 2).

25
26

Crisis Collections filed a reply.  (Reply to Mot. to Strike (#27)).  Ford Credit filed a joinder to this reply.  (Joinder (#32)).

27
28

---

[2]  Ford Credit filed a joinder to this motion.  (Joinder (#19)).

1
2
3
4
5
6
7
8
9
10

The Ninth Circuit has held that *pro se* litigants "must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Pursuant to Rule 15(a), a party may amend a pleading once as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Pursuant to Local Rule 15-1, "the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading." Nev. Loc. R. 15-1(a). After the Court grants permission to amend, the moving party shall file and serve the amended pleading.  Nev. Loc. R. 15-1(b).

11
12
13
14
15

In this case, Plaintiff amended his original complaint once as a matter of course when he filed his amended complaint on September 29th.  Plaintiff never filed leave to amend the complaint any further.  As such, the revised complaint failed to comply with Rule 15(a).  As such, the Court grants the motion to strike (#16) the revised complaint for failure to comply with the Federal Rules of Civil Procedure.

16

**II.    Ford Credit's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (#9)**

17
18
19
20
21
22
23

Ford Credit seeks to dismiss all counts against it.  (Mot. to Dismiss (#9) at 2).  Ford Credit argues that Counts I and II should be dismissed against it because Plaintiff only recites the statute and does not make any factual allegations against Ford Credit demonstrating that Plaintiff is entitled to relief under the statutes.  (*Id.* at 5).  Ford Credit argues that Counts III and IV should be dismissed because there is no private right of action for violations under 15 U.S.C. § 1681s-2(a).  (*Id.* at 5-6, 9).  Ford Credit asserts that Count V should be dismissed because it only applies to a person who has been the victim of identity theft.  (*Id.* at 10).

24
25

Plaintiff filed a response and Ford Credit filed a reply and a sur-reply.  (Opp'n to Mot. to Dismiss (#17); Reply to Mot. to Dismiss (#20); Sur-Reply to Mot. to Dismiss (#25)).

26
27
28

In this case, the Court dismisses, without leave to amend, Count I against Ford Credit because Plaintiff has not alleged any facts that would state a claim that Ford Credit engaged

1 in *willful* noncompliance pursuant to 15 U.S.C. § 1681n(a). (*See* Amended Compl. (#3) at 4-5,

2 8-9). The Court also dismisses Count II, without leave to amend, against Ford Credit because

3 Plaintiff has not alleged any facts that would state a claim that Ford Credit engaged in

4 *negligent* noncompliance to 15 U.S.C. § 1681o(a). (*See id.* at 4-5, 9). The Court also

5 dismisses, without leave to amend, Counts III and IV because Plaintiff alleges violations of 15

6 U.S.C. § 1681s-2(a). (*See id.* at 10-12). The Ninth Circuit has held that § 1681s-2 only

7 creates a private right of action for claims arising under § 1681s-2(b). *Gorman v. Wolpoff &*

8 *Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). The Ninth Circuit has held that only

9 federal or state agencies may enforce the duties set forth in § 1681s-2(a). *Id.* The Court also

10 dismisses Count V, without leave to amend, because 15 U.S.C. § 1681m(g) only applies to

11 debt collector communications concerning identity theft. *See* 15 U.S.C. § 1681m(g). Plaintiff

12 has not made any allegations that he was a victim of identity theft. (*See* Amended Complaint

13 (#3) at 4-5, 13). As such, the Court grants Ford Credit's Motion to Dismiss (#9) in its entirety

14 without leave to amend.

15 **III.    Crisis Collections' Motion to Dismiss Amended Complaint (#13)**

16     Crisis Collections files a motion to dismiss Plaintiff's amended complaint. (Mot. to

17 Dismiss (#13) at 1). Crisis Collections argues that Plaintiff's amended complaint violates

18 Federal Rule of Civil Procedure 10(b) because the amended complaint does not contain

19 numbered paragraphs. (*Id.* at 2-3). Crisis Collections argues that, without the numbered

20 paragraphs, it cannot comply with Rule 8 and respond to the allegations. (*Id.* at 3). Crisis

21 Collections requests that the Court either dismiss the amended complaint, with leave to

22 amend, or order Harris to plead in accordance with Rule 10. (*Id.*).

23     Plaintiff filed a response[3] and Crisis Collections filed a reply. (Opp'n to Mot. to Dismiss

24 (#23); Reply to Mot. to Dismiss (#26)).

25     Pursuant to Rule 10(b), "[a] party must state its claims or defenses in numbered

26

27     [3] On November 21, 2011, Plaintiff filed a motion for an extension of time to file his
28 response. (Mot. to Enlarge Time (#21)). On December 1, 2011, Plaintiff filed his response.
(Opp'n to Mot. to Dismiss (#23)). The Court GRANTS the motion to enlarge time (#21).

1   paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so

2   would promote clarity, each claim founded on a separate transaction or occurrence . . . must

3   be stated in a separate count or defense."  Fed. R. Civ. P. 10(b).

4       Because Plaintiff's amended complaint does not contain numbered paragraphs and

5   Crisis Collections contends that it cannot understand the complaint, the Court grants the

6   motion to dismiss (#13) the amended complaint.  However, the day after Plaintiff filed his

7   response to Crisis Collections' motion to dismiss, Plaintiff  filed a proposed TAC that contains

8   numbered paragraphs in compliance with Rule 10(b).  (*See* TAC (#24)).  As such, the Court

9   interprets Plaintiff's proposed TAC as a motion for leave to amend his complaint and grants

10  the motion to file the TAC.  In response to the proposed TAC, Crisis Collections filed a motion

11  to strike (#30) the TAC for failure to comply with Rule 15.  The Court denies this motion to

12  strike (#30) because the proposed TAC contains the numbered paragraphs that Crisis

13  Collections sought in its motion to dismiss the amended complaint.  Accordingly, the Court

14  grants the motion to dismiss the amended complaint as to the allegations against Crisis

15  Collections (#13), *sua sponte* grants Plaintiff leave to file his proposed TAC, and denies Crisis

16  Collections' motion to strike the proposed TAC (#30).

**CONCLUSION**

17

18      For the foregoing reasons, IT IS ORDERED that Crisis Collections' Motion to Dismiss

19  (#5) is DENIED as moot.

20      IT IS FURTHER ORDERED that Ford Credit's Motion to Dismiss (#9) is GRANTED

21  without leave to amend.

22      IT IS FURTHER ORDERED that Crisis Collections' Motion to Dismiss (#13) is

23  GRANTED with leave to amend.

24      IT IS FURTHER ORDERED that Crisis Collections' Motion to Strike the Revised

25  Complaint (#16) is GRANTED.

26      IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time to Respond (#21) is

27  GRANTED.

28      IT IS FURTHER ORDERED that Crisis Collections' Motion to Strike the Third Amended

Complaint (#30) is DENIED.

IT IS FURTHER ORDERED that the Court *sua sponte* GRANTS Plaintiff leave to file his proposed Third Amended Complaint (#24) against Crisis Collections only.

DATED: This ⸱14th⸱ day of March, 2012.

_____

United States District Judge