UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY HARRIS, pro se,<br><br>                    Plaintiff,<br><br>      v.<br><br>CRISIS COLLECTIONS MANAGEMENT, LLC, et al,<br><br>                    Defendants. | Case No. 2:11-cv-01490-MMD-CWH<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 37). |

**I.      SUMMARY**

Before the Court is Defendant Crisis Collections Management, LLC's ("CCM" or "Defendant") Motion to Dismiss Plaintiff Timothy Harris' Third Amended Complaint for failure to state a claim upon which relief can be granted. (Dkt. no. 37.) The Court has also considered Plaintiff's opposition and CCM's reply. For the reasons discussed below, the motion is granted.

**II.     BACKGROUND**

This case arises out of alleged violations of the Fair Debt Collection Practices Act. Plaintiff's Third Amended Complaint alleges the following.

On July 15, 2011, Plaintiff received a letter in the mail from CCM that an "alleged debt" was owed. (*Id.* at ¶ 5.) On July 28, 2011, Plaintiff sent a letter of validation to CCM. (*Id.* at ¶ 6.) CCM failed to validate the alleged debt. (*Id.*) On August 4, 2011, CCM sent a second letter to Plaintiff and demanded payment even though CCM had not

"provided any proper, legal proof of any alleged debt or alleged account." (*Id.* at ¶ 7.) On August 18, 2011, CCM sent a third letter to Plaintiff demanding payment "even though [CCM] offered no new evidence." (*Id.* at ¶ 8.) During this period, Plaintiff was within his 30-day validation period permitted by the FDCPA. (*Id.*) On August 26, 2011, CCM filed a collections lawsuit against Plaintiff in the North Las Vegas Justice Court during the 30-day validation period. (*Id.*) CCM sent a letter with the summons asking Plaintiff to call them in order to discuss settlement. (*Id.* at Ex. 4.) The letter stated that CCM's client was willing to offer a discounted lump sum offer in order to settle. (*Id.*)

The Complaint alleges seven claims against CCM: (1) failure to validate for the July 15, 2011, letter, (2) failure to validate for the August 4, 2011, letter, (3) continued collection activity for the August 4, 2011, letter, (4) overshadowing for the August 4, 2011, letter, (5) failure to validate for the August 18, 2011, letter, (6) continued collection activity for the August 18, 2011, letter and August 26, 2011, lower court action, and (7) overshadowing for the August 18, 2011, letter. CCM now seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## III.   DISCUSSION

### A.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged— but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

The Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**1.     Verification & Continued Collection – Claims 1, 2, 3, 5, & 6**

Plaintiff's Complaint alleges that CCM failed to "validate" or "verify" debts as required under 15 USC § 1692g(a). In its Motion, CCM argues that the notices sent to Plaintiff strictly comport with the requirements of § 1692g(a) and thus, Plaintiff has failed to state a claim upon which relief can be granted. Relying exclusively on Hawaii, Connecticut, and Illinois cases, Plaintiff responds that CCM's notices are deficient as CCM did not "validate" the debts because "the only legal validation of debt is

///

3

presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account under penalty of perjury."

As a preliminary matter, Plaintiff's reliance on Hawaii, Connecticut, and Illinois authority is incorrect for two reasons. First, there is well-established binding authority in the Ninth Circuit. Second, the cited cases relate to the sufficiency, authentication, and admissibility of evidence for the purposes of summary judgment under the respective state rules of civil procedure. Thus, the Court turns its analysis to the applicable law and binding Ninth Circuit precedent.

15 USC § 1692g(a) provides that a debt collector must send the consumer a written notice containing, amongst other things, "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." As to this requirement, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006). There is no duty imposed on debt collectors "to investigate independently the claims presented by" their clients or "vouch for the validity of the underlying debt." *Id.* at 1174.

Once a consumer disputes the debt or requests verification in writing, the debt collector must cease collection of the debt, *until* the debt collector obtains verification of the debt and that verification is mailed to the consumer. 15 USC § 1692g(b)(emphasis added).

### a.   Claim 1 - July 15, 2011 Letter

Plaintiff argues that the July 15 letter violates the validation provision of § 1692g because CCM knew they did not possess "legal proof according to law," "did not possess proper validation," and that CCM was "attempting to make Plaintiff pay for an alleged debt that could not be validated." (Compl. ¶ 10).

Even assuming all facts alleged in the Complaint are true, Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Plaintiff attempts to impose a higher duty on CCM than is required by law. As to the initial July 15 communication verification requirement, CCM needed only include a statement that the consumer could request in writing verification of the debt, which CCM did in the second paragraph of the letter. CCM complied with all requirements under § 1692g and Plaintiff has failed to allege any facts that allow the Court to draw a reasonable inference that CCM is liable. Thus, this claim is dismissed.

### b.   Claims 2 & 3 - August 4, 2011 Letter

As to Claim 2, Plaintiff argues that CCM's August 4 letter and attached documentation from Ford Credit to validate the debt, in response to his written request for verification of the debt, falls short of the documentation legally required. As this is a legal conclusion not afforded the assumption of truth, the Court looks to the underlying facts and documentation used to support this claim. As to Claim 3, Plaintiff argues that by sending a letter on August 4, CCM was attempting once again to continue collection activities within the 30-day validation period while failing to validate the debt.

CCM's documentation, including the Contract, Letter from Ford Credit's executive analyst, and itemized history of Plaintiff's account, satisfies the verification requirements of § 1692g(b). CCM confirmed in writing that the amount demanded was what Ford was claiming was owed. Even assuming all facts as alleged in the Complaint as true, the Court cannot infer any misconduct on the part of CCM. Thus, Plaintiff has failed to state a claim upon which relief can be granted and Claim 2 is dismissed.

Additionally, even assuming all facts alleged in the Complaint as true, because the August 4 letter was CCM's verification of the debt and that verification was mailed to the consumer, CCM could legally resume collection activities. The Court cannot infer any misconduct on the part of CCM. Thus, Plaintiff has failed to state a claim upon which relief can be granted and Claim 3 is dismissed.

///

### c. Claims 5 & 6 - August 18, 2011 Letter

As to Claim 5, Plaintiff argues that CCM's August 18 letter was an attempt to collect an alleged debt that has not been properly validated. As to Claim 6, Plaintiff argues that multiple offers of settlement included in the August 18 letter amount to continued collection activity.

As discussed above, CCM properly validated the debt in the August 4, 2011, letter, thus Plaintiff's Claim 5 fails as a matter of law. Additionally, as discussed above, CCM's August 4, 2011, letter was legal verification and CCM could legally resume collection activities, thus Plaintiff's Claim 6 fails as a matter of law. As the Court cannot infer any misconduct on the part of CCM, Plaintiff has failed to state a claim upon which relief can be granted and Claims 5 & 6 are dismissed.

### 2. Claims 4 & 7 – Overshadowing – August 4 & August 18 letters

Plaintiff argues that the language, "Should you wish to resolve this matter, please contact me," included in both August 4th and August 18th letters, overshadows Plaintiff's right to dispute the debt. In particular, Plaintiff argues that language amounts to willful or negligent attempts to "convince, threaten, intimidate, and entice" Plaintiff into paying the alleged debt that could not be validated.

15 USC § 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." While a demand of immediate payment would violate the overshadowing provision, requesting a phone call does not overshadow Plaintiff's right to dispute the debt. *See Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997). "This language simply encourages the debtor to communicate with the debt collection agency." *Id.* "It does not threaten or encourage [waiving a] statutory right to challenge the validity of the debt." *Id.*

Here, as the language, "Should you wish to resolve this matter, please contact me," included in both August 4th and August 18th letters, does not demand immediate payment or even an immediate phone call, it does not overshadow, convince, threaten,

intimidate, or entice Plaintiff into paying the alleged debt.  Therefore, Plaintiff has failed to state a claim upon which relief can be granted and Claims 4 and 7 are dismissed.

### 3. Leave to Amend

Plaintiff asks for leave to amend the complaint "in a manner that corrects all such defects or elements." (Dkt. no. 41 at 7-8).  Although leave to amend a complaint is liberally granted under Fed. R. Civ. P. 15, "leave to amend need not be granted if the proposed amended complaint would be subject to dismissal." *Bellanger v. Health Plan of Nev., Inc.*, 814 F. Supp. 914, 916 (D. Nev. 1992) (*citing United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of Am.*, 919 F.2d 1398 (9th Cir.1990)); *see also Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir. 1987) (stating that "courts have discretion to deny leave to amend a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment.")  Here, Plaintiff's amended complaint would inevitably be subject to dismissal or defeated on summary judgment as Defendant has complied with applicable laws.  Thus, the Court will deny leave to amend.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is GRANTED.

DATED THIS 18th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE