UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY HARRIS, pro se,<br><br>                    Plaintiff,<br><br>    v.<br><br>CRISIS COLLECTIONS MANAGEMENT, LLC, et al,<br><br>                    Defendants. | Case No. 2:11-cv-01490-MMD-CWH<br><br>ORDER<br><br>(Def.'s Motion for Attorney Fees and Costs – dkt. no. 48) |

## I. SUMMARY

Before the Court is Defendant Crisis Collections Management, LLC's Motion for Attorney Fees and Costs. (Dkt. no. 48.) The Court has also considered Plaintiff's opposition and Defendant's reply. For the reasons discussed below, the motion is denied.

## II. BACKGROUND

This case arises out of alleged violations of the Fair Debt Collection Practices Act (FDCPA). The facts are recited in more detail in the Court's Order granting Defendant's Motion to Dismiss. (Dkt. no. 45). Facts relevant to the instant motion are recited below.

Plaintiff sued Defendant alleging violations of the FDCPA for failure to validate debts. Relying on Hawaii, Connecticut, and Illinois cases, Plaintiff argued that Defendant did not validate debts because "the only legal validation of debt is presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account under penalty of perjury."

Defendant moved to dismiss the complaint for failure to state a claim upon which relief could be granted. On October 18, 2012, this Court dismissed the complaint finding that Defendant intended to impose a higher burden than required by Ninth Circuit law and that the Court could not infer any misconduct on the part of Defendant. The Court denied Plaintiff leave to amend finding that amendment would be futile as "Defendant has complied with applicable laws." Judgment was entered on October 19, 2012, against Plaintiff and in favor of Defendant.

Defendant now seeks attorney fees and costs allowed by the FDCPA upon a finding that Plaintiff filed the lawsuit in bad faith or for the purposes of harassment.

**III.    DISCUSSION**

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). A lawsuit based upon confusion of a complex legal doctrine does not establish bad faith. *Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739, 745 (9th Cir. 1987). To that end, "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe*, 449 U.S. 5, 16 (1980).

**A.    Analysis**

Defendant argues that Plaintiff initiated this action in bad faith only to harass Defendant because of Ford's lawsuit against Plaintiff to collect an undisputed debt. Defendant asserts that because "[Plaintiff's] *stretch of the law* and the facts were so *legally flawed* that it can be presumed that the only purpose of this lawsuit was to harass [Defendant]." (Dkt. no. 48 at 3.)(Court's emphasis.) The Court disagrees.

It is clear from Plaintiff's complaint, Opposition to the Motion to Dismiss, and Opposition to this motion that this suit was brought based upon Plaintiff's ignorance and misunderstanding of the law. As this Court explained in its prior order, "Plaintiff's reliance on Hawaii, Connecticut, and Illinois authority is incorrect for two reasons. First, there is

well-established binding authority in the Ninth Circuit. Second, the cited cases relate to the sufficiency, authentication, and admissibility of evidence for the purposes of summary judgment under the respective state rules of civil procedure." (Dkt. no 45 at 4.) Plaintiff's misreading of the holdings in the cited cases, as they relate to complex evidentiary and civil procedure issues, was understandable. Accordingly, the Court declines to punish Plaintiff, an unrepresented and legally untrained litigant, for not recognizing subtle legal deficiencies in his claims. Thus, the Court finds the action was not brought in bad faith such as to warrant an award of attorney's fees and costs.

IT IS THEREFORE ORDERED that Defendant's Motion for Attorney Fees and Costs is DENIED.

DATED THIS 24th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE